(March 3, 1886.)

## PEOPLE v. BERNARD

[10 Pac. 30.]

CRIMINAL PRACTICE—INSTRUCTIONS.—Under the Criminal Practice Act the trial court, in charging the jury, may state the evidence and declare the law.

SAME.—The entire charge on a particular point must be considered in determining whether or not it is misleading.

SAME.—The instructions herein examined and held not prejudicial to the defendant.

APPEAL from District Court, Nez Perces County.

Brumback & Lamb, for Appellant.

D. P. B. Pride, Attorney General, for the People.

No briefs on file.

BRODERICK, J.—The defendant was accused of the murder of John J. Enright, was tried, and convicted of manslaughter, and sentenced to hard labor in the territorial prison for eight years. From this judgment he appeals. The first point made on his behalf on the appeal is that the court erred in giving the jury the following instruction: "Evidence has been given tending to show that the deceased, John Enright, entered the printing office of the defendant for the purpose of taking therefrom his blankets, and that while there he addressed to defendant certain language which you remember, and thereupon the defendant got down from the printing stool and ordered him, Enright, out of his office; that said Enright not going on such order, the defendant fired his revolver at him, and inflicted upon the deceased the wound from which he died." The criticism on the foregoing instruction is on the latter part of it; that is, it is claimed the court erred in saying to the jury: "The defendant fired his revolver at him, and inflicted upon the deceased the wound from which he died." Under our statute (Criminal Practice Act, sec. 354) the court, in charging the jury, may state the testimony and declare the law; this is what was here done. We cannot by any rule of law subdivide this instruction in the manner contended for, but we must take and consider the entire paragraph, and thus determine whether or not it was misleading. Certainly, under our practice and the circumstances of this case, it was not error for the court to tell the jury that there was evidence tending to prove the facts as stated in this instruction.

The second alleged error complained of is the giving of the following instruction: "There must be danger of personal injury, or the fear of personal injury, to that extent that the only means to avoid the loss of life, or great personal injury, is to kill the assailant." Section 26 of crimes act fully warrants this instruction. Had this section of the statute been copied and given as an instruction, the defendant would have had as good ground for complaint as he has against the one given and here objected to.

The third and last alleged error complained of is in giving the following portion of an instruction: "And that he had in good faith endeavored to decline any further struggle before

the fatal shot was fired." It is apparent from the reading that this is not a full or complete sentence. It is selected and taken from a charge which, in the main, is unobjectionable. As the facts appear to us, these lines might have been omitted from the paragraph, but we are unable to see how any substantial right of the defendant could have been prejudiced by them. The meaning of the court below cannot be fairly ascertained by a partial view of what the jury was told was the law by which they should be governed in determining a question of fact. To arrive at such meaning we must look at the entire charge upon the point to which it relates. This rule is recognized in numerous decisions. (*People v. Nelson,* 56 Cal. 81, and cases cited; *People v. Welch,* 49 Cal. 182; *People v. Doyell,* 48 Cal. 93; *United States v. Snow,* 4 Utah, 280, 9 Pac. 501.) Section 482 of the Criminal Practice Act provides that we must give judgment here without regard to technical error or defects which do not affect substantial rights. The statute authorizes the entire instruction from which the words objected to are taken to be given in a proper case, and we understand that it is supported by the general doctrine. (Wharton on Homicide, 485, and cases there cited.)

From an examination of the evidence and the entire record we are satisfied the defendant could not have been injured by these instructions, or either of them, and that he had a fair trial, and was rightly convicted. Judgment affirmed.

Hays, C. J., and Buck, J., concur.