(March 5, 1886.)

## UNITED STATES v. CAMP.

### [10 Pac. 226.]

INSTRUCTIONS TO JURY.—The charge to the jury should be brief, explicit and comprehensive—full enough to protect the rights of the parties, and not so prolix as to confuse. It is not error to refuse to give an instruction which has once been given in substantially the same language.

EVIDENCE.—Evidence of the pecuniary condition of defendant charged with embezzlement immediately prior to the time and during

the ·time the offense is alleged to have been committed is competent.

REVIEW OF CRIMINAL CASES.—Upon appeal in criminal cases the review in this court is confined to questions of law. The guilt of defendant is a matter for the jury upon legal evidence.

APPEAL from District Court, Ada County.

Norman H. Camp was convicted of embezzling government money intrusted to him as assayer, and appeals. Affirmed.

Silas W. Moody and George Ainslie, for Appellant.

The burden of proof rested upon plaintiff to show every single circumstance essential to the conclusion that defendant was guilty. (*Sumner v. State,* 5 Blackf. 579, 36 Am. Dec. 561; *Commonwealth v. Webster,* 5 Cush. 295, 52 Am. Dec. 711; 1 Starkie on Evidence, 571.) And the burden of proof never shifts. (*Commonwealth v. McKie,* 1 Gray, 61, 61 Am. Dec. 410; *Commonwealth v. Eddy,* 7 Gray, 583; *State v. Jones,* 50 N. H. 370, 9 Am. Rep. 242; *People v. Garbutt,* 17 Mich. 9, 97 Am. Dec. 162, and note; *State v. Crawford,* 11 Kan. 32; *Fife v. Commonwealth,* 29 Pa. St. 429, 439; 1 Greenleaf on Evidence, secs. 34, 35, 78.) Where a legal presumption does not exist, it is error to instruct the jury that one fact should be inferred from another so held as to an instruction that one's failure to pay over public money, if excusable, raised no presumption of felonious appropriation, which would authorize a verdict of guilty. (*People v. Carrillo,* 54 Cal. 63; citing *People v. Walden,* 51 Cal. 588; *Stone v. Geyser Quicksilver Min. Co.,* 52 Cal. 315; 1 Greenleaf on Evidence, sec. 48.) Every instruction which correctly declares the law applicable to the case which it supposes, if the case can be rationally inferred from the testimony, should be given. (*People v. Taylor,* 36 Cal. 255-267; *People v. Williams,* 17 Cal. 142; *Foster v. People,* 50 N. Y. 598.) A defendant indicted for a crime is entitled to have the law applied to every conclusion deducible from the evidence, although the court may think lightly of the weight and value of the testimony; and a charge composed of statutory definitions of the crime, generallly applied, will not suffice. (*Scott v. State,* 10 Tex. App. 112; *Lawrence v. State,* 10 Tex.

App. 495; *Davis v. State,* 10 Tex. App. 31; *People v. Doggett,* 62 Cal. 27; *State v. Dunlop,* 65 Cal. 288; *Schools v. Risley,* 10 Wall. 91.)     It matters not how clearly the circumstances point to guilt, still, if they are reasonably explainable on a theory which excludes guilt, they cannot satisfy the jury beyond a reasonable doubt that the defendant is guilty; hence they will be insufficient.     (1 Bishop's Criminal Procedure, 3d ed., p. 657, sec. 1077; *Schusler v. State,* 29 Ind. 394; *James v. State,* 45 Miss. 572; *Commonwealth v. Dana,* 2 Met. 329, 340; *People v. Dick,* 32 Cal. 213; *State v. Orr,* 64 Mo. 339; *State v. Maxwell,* 42 Iowa, 208; *Black v. State,* 1 Tex. App. 368; *State v. Johnson,* 19 Iowa, 230; *State v. Collins,* 20 Iowa, 85.)

Fremont Wood, Assistant United States Attorney.

Edgar Wilson, of Counsel for the United States.

No brief on file.

BUCK, J.—The defendant was indicted, tried, and convicted at the December term, 1885, of the district court in and for Ada county, second judicial district, for the crime of embezzlement of $12,306.36 government money, intrusted to him as assayer at the Boise City assay office, Idaho territory.     The evidence establishes the following facts, which are admitted: That defendant took charge of said office on or about June 1, 1883, and was last in charge of the same April 14, 1885.     On April 14, 1885, there should have been a balance of $24,119.78 in his possession of government money received by him during said time.     On the last-named date defendant went east, and remained absent until about May, 1885.     That during his absence the office and funds thereof were in charge of R. Heurschkel, assistant assayer under the defendant.     When the defendant left for the east, and turned the funds over to said Heurschkel, neither counted the money in the presence of the other. Defendant testifies that he counted it himself, and there was in the neighborhood of $24,000.     Heurschkel testifies that he did not count it; supposed it was all right, and reported the full amount on hand for sixteen days thereafter, and until he received orders from Washington to count the same; that upon

the receipt of said order he counted the money with witnesses, and found the funds short in the amount charged in the indictment. It was the theory of the defense that Mr. Heurschkel having equal opportunity to embezzle the funds with the defendant, it was impossible to say that defendant took it, and he should have been acquitted.

Upon this point the defendant asked the court to charge as follows: "The jury are instructed that if they believe from the evidence that the circumstances and testimony point as strongly to some other person or persons as being guilty of taking the funds charged as being embezzled in the indictment number one as they do to the defendant, then the jury are instructed that they must find the defendant not guilty." The law relied on as the foundation for this charge is quoted from 1 Bishop's Criminal Procedure, section 1105, to wit: "If one of two persons is shown to be guilty, but it cannot be distinctly ascertained which one, none can be convicted." It is clear that if it cannot be distinctly ascertained who committed the crime, no one should be convicted. The effect, however, of the charge requested would be to acquit, if the evidence showed two or more were equally guilty. Two might commit a murder, and the evidence show the guilt of both, and yet, because it pointed as strongly to one as to the other, neither could be separately convicted under the charge as requested. To support this charge appellant refers to *Campbell v. People,* 16 Ill. 17, 61 Am. Dec. 49, and note. The charge there asked for was: "If it is uncertain from the evidence which one out of two or more persons inflicted a stab, the prisoner must be acquitted, unless there is proof that the prisoner aided or abetted the person ascertained to have killed him." The two charges are quite different. Had the charge requested stated that when the evidence pointed as strongly to one as to the other, and it was uncertain which of the two was guilty, the element of uncertainty would have made it impossible to say that either was guilty, there could be no moral certainty by the jury. We think the charge was properly refused. In appellant's brief many principles of law are enunciated which seem sound, and supported by the authorities cited, but we are unable to see that any error therein was committed by the court.

It is insisted that the court should never refuse an instruction asked by defendant in a criminal case to which there is no valid objection. This proposition involves the question as to the character of a charge to a jury. We apprehend that it should be brief, explicit and comprehensive; full enough to protect the rights of the parties, and not so prolix as to confuse the jury. A few plain propositions embracing the law as applicable to the facts are all that are required or should be given. (Kelley's Criminal Law, sec. 367; *State v. Mix,* 15 Mo. 153; *State v. Floyd,* 15 Mo. 349; *People v. Varnum,* 53 Cal. 630; *People v. King,* 27 Cal. 507, 87 Am. Dec. 95; *People v. Davis,* 47 Cal. 93; *People v. Dodge,* 30 Cal. 448; *Railroad Co. v. Horst,* 93 U. S. 295.) We think the charge fairly states the law of the case, and that no essential feature of the defense was omitted. The appellant assigns as error the admission of certain papers, receipts, and documents of defendant, showing his financial circumstances, and his expenditures at the time he assumed such position as assayer, and immediately prior to and during the time of his holding said position. We think such evidence competent and relevant in a charge on embezzlement. (2 Bishop's Criminal Procedure, sec. 327; *Railroad Corp. v. Dana,* 1 Gray, 83.)

In the printed brief the appellant states that said papers were offered and received in bulk, and alleges the same as error. An inspection of the record shows that the objection to their admission was upon the ground of incompetency, and not to the manner of placing them in evidence. We think this objection should have been made at the trial, and cannot be considered for the first time on appeal.

It is urged that the verdict is contrary to evidence. Under our Criminal Practice Act this court cannot consider the weight of conflicting evidence. We may review errors of law in admitting evidence, and, in case of error, grant a new trial, but the question of fact, where there is any legal evidence, is for the jury. (*People v. Ah Hop,* 1 Idaho, 698.)

We find no error, and the judgment is affirmed.

Hays, C. J., and Broderick, J., concurring.