(February 21, 1887.)

## HOPKINS v. UTAH NORTHERN RAILWAY COMPANY.

### [13 Pac. 343.]

CONTRIBUTORY NEGLIGENCE.—Where suit is brought against a railway company to recover damages for injured property, by reason of the negligence of the agent or servants of the company, and defendant relies on such contributory negligence of the plaintiff or his servants as to prevent a recovery, this is a defense to be established by the defendant.

RULE OF EVIDENCE.—It is a general rule that the defendant should not open the defense by cross-examination of plaintiff's witnesses, but the application of this rule must rest largely in the sound discretion of the trial court.

INCOMPLETE RECORD—PRESUMPTIONS.—Where a refusal to give instructions requested by a party is assigned as error, this court will look into the entire charge to determine whether such refusal was prejudicial, and where the record shows that a charge was given which is not brought here for consideration, it will be presumed that the trial court gave all the instructions necessary to assist the jury in arriving at a just and proper verdict.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

P. L. Williams and Homer Stull, for Appellant.

It is not necessary to plead contributory negligence in order to prove it, and especially is this true where the plaintiff has alleged that he is without fault, and this is denied by the answer. (Pomeroy's Remedies, secs. 642, 670-575, inclusive; *Railway Co. v. Shacklet,* 12 Am. & Eng. R. R. Cas. 166; *Hawes v. Railway Co.,* 64 Iowa, 315, 20 N. W. 717.)

Smith & Wright, for Respondent.

New matter is that which, under the rule of evidence, the defendant must affirmatively establish. If the *onus* of proof is thrown upon the defendant, the matter to be proved by him is new matter. All new matter of defense must be stated in the answer. (*Railway Co. v. Crawford,* 1 Idaho, 770; *Piercy v. Sabin,* 10 Cal. 22, 70 Am. Dec. 692; *Glazer v. Clift,* 10 Cal. 304; *Coles v. Soulsby,* 21 Cal. 50.)

BRODERICK, J.—This action is to recover damages for killing a team of horses, and the destruction of a wagon and harness of the plaintiff, which is alleged to have been caused by the negligence of the defendant company, about the first day of November, 1885, near Blackfoot, in this territory. The complaint alleges, in substance, that defendant was a corporation, duly incorporated, etc.; that plaintiff was the owner of a team and wagon worth $450; that, at a time and place named, the team and wagon were negligently run against and over by defendant's locomotive, the team killed, and wagon and harness damaged; that the accident happened through no fault of plaintiff, but resulted from the carelessness and negligence of the agents and servants of the defendant; and that by reason of such negligence the plaintiff was damaged in the sum of $350. The defendant answered, denying specifically each allegation of the complaint except that defendant was a corporation. In May, 1886, the case was tried before the court with a jury, which resulted in a verdict and judgment in favor of the plaintiff for $225 and costs. The defendant moved for a new trial. Motion overruled by the court, and from this order and the judgment the defendant appeals, and assigns as error: 1. That the evidence is insufficient to justify the verdict of the jury, in this: That it does not show that the defendant was negligent in the premises, or that any negligence on its part caused the injury complained of, and constituting the cause of action herein; and in that it does show that the plaintiff's servant, Charles Chestine, who was driving the team, was negligent in not looking along the track to discover the approach of an engine as he neared the crossing, and that his negligence in that connection caused, or contributed to cause, the injury complained of; 2. Errors in law occurring at the trial, and excepted to by defendant, in excluding certain evidence sought to be introduced by cross-examination of plaintiff's witnesses; 3 That the court erred in refusing to give certain instructions to the jury requested by defendant's counsel.

The evidence is undisputed that the team and the train were coming from the north; that the train was running at rapid speed; that the highway upon which the team was moving, for some distance above the crossing, runs nearly parallel with de-

fendant's road; that about eighty rods above the crossing was a whistling-post; that the accident happened at the crossing, and at the time stated in the complaint. The rules of defendant in force at the time of the alleged accident were identified and received in evidence at the trial, but do not appear in the record. The case seems to have been tried, however, on the theory that the rules required the whistle sounded when a train was nearing a crossing, and we think there is sufficient proof in the record from which we may infer, for the purposes of this appeal, that this was the requirement of the rule. Each party introduced evidence before the court and jury as to whether or not the whistle was sounded, or other signal given, before the engine reached the crossing, and on this question there seems to have been a substantial conflict in the testimony, all of which was submitted to the jury, and the question is settled by the verdict.

But it is contended that, even though the defendant was negligent, that the plaintiff, by the carelessness of his servant who was at the time in charge of the team, contributed to the result and injury, and that, therefore, the defendant is not liable. In this case the burden was on the plaintiff to prove, in the first instance, that his property was injured and destroyed, for which he seeks redress, and that such injury was done by the locomotive of the defendant at or about the time and place charged in the complaint, and that such injury was the result of negligence of the agents and servants of the defendant. These facts proven, with the amount of damages sustained, made a *prima facie* case for the plaintiff. Then the burden shifted to, and was cast on, the defendant to overcome the case made by the plaintiff, by showing that the agents and servants of defendant were on this occasion exercising due care and caution; or, if it relied on such contributory negligence of the plaintiff or his agent as to prevent a recovery of judgment by plaintiff, that was a defense to be proven and established by defendant. (*Railway Co. v. Gladmon,* 15 Wall. 401; *Railroad Co. v. Horst,* 93 U. S. 291.) We are aware that there has been a contrariety of opinion on this question, but we are entirely satisfied with the rule as settled by the above-cited authorities.

We see no error in the ruling of the trial court in excluding the evidence sought to be adduced by the defendant by cross-examination of plaintiff's witnesses as tending to show contributory negligence on the part of plaintiff's servant. It is a general rule that the defendant should not open his case by a cross-examination of plaintiff's witnesses; but the application of this rule must necessarily rest largely in the sound discretion of the trial court. The record shows, however, that the defendant, to make out its defense, was permitted to introduce all evidence offered as to the negligence of plaintiff's servant, and this question was also submitted to the jury. In this state of the case it is unnecessary to determine here whether, under our practice, the defendant should have pleaded contributory negligence as a predicate for the proof on this point or not.

The remaining question is as to the instructions requested by defendant's counsel, and refused by the court. Counsel contend that the evidence shows that the accident happened in a level, open country, where there was no obstruction to prevent the driver from seeing the approaching engine in time to have stopped or turned aside, and thus have avoided the collision; and that the instructions refused were proper, and should have been given to direct the attention of the jury to these facts. It is doubtless the duty of a person approaching a railroad crossing to listen and look if he is in a position where looking will avail him; and if, under all the circumstances, he has reason to suspect or apprehend danger, and does not use his senses, but heedlessly goes on, and is injured in person or property, he alone is responsible for the consequences of such negligence. But in this case the teamster was driving in advance of the approaching train, with his back toward it, and he testifies, in substance, that he heard no signal of any kind, and saw nothing to indicate danger until within a short distance of the crossing, and where the highway gradually turned toward the crossing, and that then and there the horses became affrighted, and commenced jumping and plunging toward the crossing; that he was wholly unable to stop or manage them; that he finally sprang out of the wagon in time to save himself harmless; that the collision took place; that the horses were killed, and

the wagon and harness destroyed. There is other evidence which corroborates this testimony.

The trial court is required to give such instructions as are applicable to the issues and facts of each case, but is not required to state propositions of law, however sound they may be, which are not applicable, and will not aid the jury in reaching a correct conclusion. (*Railroad Co. v. Horst,* 93 U. S. 291; *United States v. Camp,* ante, p. 231, 10 Pac. 226.)

The record shows that an instruction defining negligence, etc., was given, which nowhere appears in the transcript. It has been held by this court that, in determining whether an instruction given was prejudicial, the entire charge should be looked into; and if the charge, as a whole, fairly presented the case to the jury, that the verdict would not be disturbed. (*People v. Bernard,* ante, p. 193, 10 Pac. 30.) The same rule will apply where instructions are refused. The reason for the rule is apparent.

We are here asked to reverse a judgment because certain instructions calling the attention of the jury to the alleged negligence of the plaintiff were refused, and it appears from the record that an instruction was given by the court, of its own motion, on this question; but the instruction, as given, is not brought here for our examination. Every intendment is in favor of the judgment, and the regularity of the proceedings; and the presumption is, until the contrary appears, that the court gave the instructions necessary and proper, under the facts of the case, to assist the jury in arriving at a just verdict. This presumption cannot be overthrown by a partial view of the instructions given. Those not given may have been refused for the reason that they had been substantially given. If so, the court was not bound to repeat them.

No error appearing, the judgment is affirmed.

Hays, C. J., and Buck, J., concurring.