[Criminal No. 176.     Filed March 26, 1904.]

[76 Pac. 472.]

## SANTIAGO BERREYESA, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW — OBTAINING MONEY BY FALSE PRETENSES — WHAT CONSTITUTES.—Where an interpreter knowing of a custom of a county board of supervisors to pay fees for acting as interpreter in criminal cases before justices of the peace, knowingly and

VIII Ariz.—25

designedly obtained from the county compensation by means of false pretenses that he had rendered such service, he is guilty of obtaining money under false pretenses, and absence of statutory authority for the payment of such compensation constitutes no defense.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

Street & Alexander, for Appellant.

It is a well-settled rule that neither the state nor any county is liable for fees in any criminal prosecution in the absence of an express statute on the subject. *Commissioners v. Watson,* 7 Okla. 174, 54 Pac. 441; *Rawley v. Board,* 2 Blackf. (Ind.) 355; *Heller v. Board,* 23 Kan. 128; *State v. Campbell,* 19 Kan. 481; *Commissioners of Larimer County v. Lee,* 3 Colo. App. 177, 32 Pac. 841; *Williams v. Northumberland County,* 110 Pa. St. 48, 20 Atl. 405; *Commissioners v. Wilson,* 3 Colo. App. 492, 34 Pac. 265; *Hutt v. Board of Supervisors,* 19 Wis. 128; *State v. Commissioners of Pamlico County,* 120 N. C. 19, 26 S. E. 649; *Guilford v. Commissioners of Beaufort County,* 120 N. C. 23, 27 S. E. 94.

It is also a well-established rule that before the claim of false pretenses can be brought within the statute that the act in obtaining the property must be to some extent calculated to deceive; that it must not be plainly absurd, or irrational, and that the party defrauded must not be guilty of gross carelessness. The indictment shows on its face that the board of supervisors were grossly careless and negligent in allowing and ordering paid the claim of appellant for interpreter's fees, for the reason that a claim for interpreter's services against a county is not made a just or lawful demand by statute. Therefore, if a claim for interpreter's services is not a lawful claim, the allowance of the same imputes gross carelessness and negligence upon the board of supervisors, and they were not deceived by the defendant in presenting his claim to them for allowance for such service, for they ought to have known that the same was not a proper charge against the county, and not allowable, and should have rejected it.

In order to bring the offense of false pretenses within the statute it is essential that the false pretense must have been the influence which induced the payment of the money, and the statute should not be interpreted so as to include cases where the party defrauded had the means of detection at hand. *People* v. *Oyer and Terminer Court,* 83 N. Y. 449. 450; *Commonwealth* v. *Drew,* 19 Pick. 179; *State* v. *De Hart,* 6 Baxt. 222; *Burrows* v. *State,* 12 Ark. 65; *State* v. *Burnett,* 119 Ind. 392, 21 N. E. 972; *State* v. *Estes,* 46 Me. 150; *State* v. *Young,* 76 N. C. 258; *Commonwealth* v. *Grady,* 13 Bush, 285, 26 Am. Rep. 192; *People* v. *Williams,* 4 Hill, 9, 40 Am. Dec. 258; *People* v. *McAllister,* 49 Mich. 12, 12 N. W. 891.

E. W. Wells, Attorney-General, for Respondent.

DAVIS, J.—The appellant was convicted of the crime of obtaining money under false pretenses, alleged to have been committed in presenting to the board of supervisors of Maricopa County, and obtaining the allowance and payment of, a fraudulent demand on said county for per diem services as interpreter, which services he falsely pretended had been rendered by him at the trial of certain criminal cases before a justice of the peace in that county. The indictment was demurred to on the ground that the facts stated did not constitute a public offense, and the overruling of the demurrer is assigned as error.

It is contended on the part of the appellant that at the time of the alleged offense (January 31, 1903) there was no provision of law authorizing the payment by the county of compensation to interpreters for services in criminal cases, and that as such a claim could not, under any circumstances, become a legal charge against the county, the allowance and payment thereof could not, in contemplation of law, be induced by any false pretense made in relation to it. We consider this view to be fallacious. Carried to its logical sequence, it would permit the wrong-doer to construct a shield out of the very ignorance upon which his criminal artifice had successfully played. The demurrer does not necessarily involve the question of whether a claim for interpreter's fees was, under the existing statutes, a lawful charge against the county. In pleading the particular circumstances of the offense, the

indictment sets forth that it was the rule and the custom of the county to pay interpreters an established rate per diem for services in criminal cases before justices of the peace, and that this was well known to the defendant. The averments thus disclose that the county, by its proper officers and agents, was proceeding upon the theory that the law authorized the payment of claims of this character. If the defendant, with a knowledge of the prevailing custom as to the allowance and payment of such claims, and using the routine required therefor, knowingly and designedly obtained from the county compensation for services which he had never rendered, and he accomplished this end by means of the false representation and pretense that such services had in fact been performed by him, an offense was committed, irrespective of whether the county was acting under a mistaken theory of the law. The strict responsibility to which the supervisors are held in *Avery* v. *Pima County*, 7 Ariz. 26, 60 Pac. 702, for a disbursement of county funds without authority of law, can in no way have an effect to lessen the guilt of the beneficiary who has procured the unlawful payment by criminal means. The civil liability on the one hand may exist contemporaneously with the criminal liability on the other.

It was for the jury to say whether the false pretense alleged in the indictment was not the direct, moving cause which induced the county to part with its money. This is the only matter discussed by counsel in their briefs, and an examination of the record discloses no error which would warrant us in disturbing the judgment. It will accordingly be affirmed.

Sloan, J., and Doan, J., concur.