STATE, Plaintiff in error, vs. BROWN, Defendant in error.

*September 17—October 4, 1910.*

*Criminal law: Pleading: Certainty: Liberal construction: False pretenses: "Inducing" payment of money: Sheriffs.*

1. An indictment against a sheriff charging that, by false pretenses in presenting a bill against the county for board of pretended prisoners who were not in fact in his custody during the time covered by the bill, he "did *induce* said M. county to pay" to him a specified sum of money, is not defective as failing to allege that defendant actually *obtained* the money.

2. Certainty to a common intent is all that is required in charging an offense in an indictment, under the rule prevailing in this

state; and such certainty is attained by a form of statement in which words are used in their ordinary meaning, though by argument or inference they may be made to bear a different one.

3. The letter as well as the spirit of our statute law is against the application of strict technical rules to the construction of indictments or informations, particularly where the defendant is deprived of no substantial right by the adoption of a more liberal rule of construction.

4. In an indictment against a sheriff for false pretenses alleged to have been made to the county in presenting a false bill for board of pretended prisoners, it was not necessary to name the individual officers of the county to whom the false pretenses were made, since the statute prescribes the officer with whom a claim must be filed, the body that must audit the bill, the officers who must sign the warrant, and the one charged with its payment.

5. It is not a valid objection to such an indictment that it fails to show that all the formalities prescribed by sec. 677, Stats. (1898), were observed in relation to the preparation, verification, and filing of the claim. If the false pretenses made were calculated to and did deceive the county, so that it parted with its money to defendant, that is sufficient.

ERROR to review a judgment of the circuit court for Marinette county: S. D. HASTINGS, Circuit Judge. *Reversed.*

An indictment containing ten counts was returned by a grand jury impaneled in Marinette county, wherein it was attempted to charge the defendant in error (hereinafter called the defendant) with the commission of ten different offenses. The first count in the indictment was as follows:

"*Thomas W. Brown,* being then and there the duly elected, qualified, and acting sheriff of Marinette county, in the state of Wisconsin, contriving and intending, knowingly and designedly by false pretenses, to cheat and defraud the said county of Marinette of money belonging to the said county of Marinette, did on the said 13th day of November, 1905, in Marinette county, knowingly and designedly, falsely pretend to Marinette county that one Lizzie Plant had been incarcerated in the county jail for Marinette county from the 14th day of September, 1905, to and including the 31st day of October, 1905, in accordance with a sentence passed upon the said Lizzie Plant by the police court of the city of Marinette

on the 14th day of August, 1905, and that there was justly
due the said *Thomas W. Brown* the sum of eighteen dollars
and eighty cents for boarding the said Lizzie Plant as such
prisoner while so incarcerated in said jail during said period
of time, which said false and fraudulent representations were
made by the said *Thomas W. Brown* presenting to the said
Marinette county a sworn bill or statement alleging that said
sum of eighteen dollars and eighty cents was then justly due
and owing the said *Thomas W. Brown* from Marinette county
for boarding the said Lizzie Plant during said period of time,
by which false pretenses the said *Thomas W. Brown* did then
and there unlawfully and feloniously induce the said Mari-
nette county to pay the said *Thomas W. Brown* the said sum
of eighteen dollars and eighty cents of its money, good and
lawful money of the United States, the said Marinette county
then and there relying upon the said representations so made;
whereas in truth and in fact the said Lizzie Plant was not in-
carcerated in said jail in Marinette county for said period of
time nor any part thereof, and that there was nothing due the
said *Thomas W. Brown* for boarding the said Lizzie Plant as
a prisoner in said county jail during said period of time; con-
trary to the law in such case made and provided and against
the peace and dignity of the state of Wisconsin."

The remaining counts returned related to other separate
and distinct alleged illegal and fraudulent claims presented
by the defendant to Marinette county, the language used in
charging the offense being similar to that employed in the
first count. The defendant demurred to each of the counts
in the indictment, on the ground that no offense known to the
law was stated therein. To review an order sustaining such
demurrer and a judgment discharging the defendant, the
state prosecutes a writ of error to this court.

For the plaintiff in error there was a brief by the *Attorney
General* and *Samuel H. Cady*, special counsel for Marinette
county, and oral argument by *Mr. Cady*.

For the defendant in error there was a brief by *Feeney &
Miller* and *James H. McGillan*, and oral argument by
*Mr. McGillan*.

BARNES, J.  This case comes before us by virtue of sec. 4724a, Stats. (Laws of 1909, ch. 224), on a writ of error sued out to review the decision of the lower court in sustaining a demurrer to an indictment.  It is the first cause brought to this court at the instance of the state to review a judgment in a criminal action since the above statute was enacted.

The defendant contends that the indictment is faulty in the following particulars: (1) In not averring that defendant *obtained* the money referred to in the various counts in the indictment; (2) in setting forth that the false-pretenses were made to Marinette county without naming the officers of the county to whom the pretenses were made; and (3) in failing to allege that the formalities required by sec. 677, Stats. (1898), in regard to the making, filing, and verifying of the claims presented by the defendant against the county, were observed.  The court sustained the demurrer on the first of the grounds above stated.

1. Sec. 4423, Stats. (1898), provides that "Any person who shall designedly, by any false pretenses . . . and with intent to defraud, obtain from any other person any money," shall be punished as therein provided.

"The gravamen of the crime is the obtaining of the property described. . . . This statute, like other criminal statutes, must receive strict construction."  *Bates v. State,* 124 Wis. 612, 615, 103 N. W. 251, and cases cited.

It is contended by the defendant that the allegation of the indictment, "By which false pretenses the said *Thomas W. Brown* did then and there unlawfully and feloniously induce the said Marinette county to pay the said *Thomas W. Brown* the said sum of eighteen dollars and eighty cents of its money, good and lawful money of the United States, the said Marinette county then and there relying upon the said representations so made," does not charge that the defendant Brown *obtained* the money, or even that the county parted

with it.  It is urged that the word "induce" may well mean
to persuade, to convince, or to tempt, and that defendant
might tempt, persuade, or convince the county that it should
pay the money in question, but that until he actually received
it no crime was committed under the section of our statutes
referred to.   The following authorities are cited as sustain-
ing the defendant's position: *Comm. v. Lannan,* 1 Allen, 590;
*State v. Phelan,* 159 Mo. 122, 60 S. W. 71; *Connor v. State,*
29 Fla. 455, 30 Am. St. Rep. 126; *State v. Lewis,* 26 Kan.
123; *Kennedy v. State,* 34 Ohio St. 310.   The point de-
cided in each of the authorities cited is closely analogous to
the one raised in the case before us, and the trial court with
considerable reluctance concluded to follow the decided cases.
No case decided under a similar statute has been called to our
attention where an indictment such as the one before us has
been held good.

Precedents from foreign jurisdictions on matters of plead-
ing and practice in criminal cases are often illusory and mis-
leading.   Some courts have adopted extremely strict and
often highly technical rules for the construction of indict-
ments and informations.   Others have followed more liberal
and more reasonable rules.   In many of the states the rigor
of rules formerly laid down has been mitigated by statute
law.   On a question such as the one before us the judgments
of other tribunals may aid, but they cannot control or con-
clude this court.

The indictment in this case states that the defendant
"did . . . induce said Marinette county to pay" him the sum
of $18.80.   Taking this language in its usual acceptation, it
means that Marinette county paid over to the defendant, and
that the defendant received and obtained from it, the sum
stated, and it would, we think, be so construed by ninety-nine
out of every hundred persons reading it.   The learned coun-
sel for the defendant frankly admitted on the argument that
such was the impression it created on his mind when he first

read it, and that he arrived at the conclusion that a different meaning might be attributed to it only after his industry had been rewarded by finding the cases cited.

If it be conceded that the language used might be susceptible of the meaning contended for by defendant, it does not follow that the indictment is bad, assuming that the language used would in its ordinary and usual acceptation be understood to mean that the defendant in fact obtained the money.

It has never been held in this state that certainty to a certain intent in particular was required in criminal pleading, although such certainty is, or at least formerly was, required in many jurisdictions. 1 Bouv. Law Dict. (Rawle's Rev.) 300, and cases cited. In *State v. Downer,* 21 Wis. 274, it was held that "certainty in charging the offense to a common intent is all that is required by the rules of pleading in regard to indictments." Such certainty is attained "by a form of statement in which words are used in their ordinary meaning, though by argument or inference they may be made to bear a different one." 1 Bouv. Law Dict. (Rawle's Rev.) 299.

The letter as well as the spirit of our statute law is utterly antagonistic to the idea of applying exceedingly strict and technical rules to the construction of indictments or informations. This is particularly true where, as here, the defendant is not deprived of any substantial right by adopting a more liberal rule of construction and one more consonant with reason and better calculated to promote the ends of justice.

Sec. 4658, Stats. (1898), provides that an information shall be sufficient if it can be understood therefrom that the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case. Sec. 4659 provides that no indictment or information shall be deemed invalid by reason of any defect or imperfection in matters of form which shall not

tend to the prejudice of the defendant.   Sec. 4669 provides that words used in the statutes to define a public offense need not be strictly pursued in charging an offense under such statutes, but other words conveying the same meaning may be used.   Sec. 4706 provides that no indictment or information in a criminal case shall be abated, quashed, or reversed for any error or mistake, where the person and the case may be rightly understood by the court, and the court may on motion order an amendment curing such defect.

Sec. 2829, Stats. (1898), provides that the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.   This statute has been held to apply to criminal as well as to civil cases.   *Odette v. State,* 90 Wis. 258, 262, 62 N. W. 1054; *Cornell v. State,* 104 Wis. 527, 80 N. W. 745; *Vogel v. State,* 138 Wis. 315, 329, 119 N. W. 190.   Sec. 2829, Stats. (1898), has to some extent been amplified by sec. 3072m, Stats. (Laws of 1909, ch. 192).

Believing as we do that the language used in the indictment would in its ordinary acceptation be understood to charge the defendant with having received or obtained the money, and bearing in mind that it is not necessary to use the exact language of a statute in pleading, and being further convinced that the defect complained of does not tend to prejudice the defendant, we feel no hesitancy in saying that the demurrer should not have been sustained on the ground upon which it was held good.   The indictment states an offense under the *Downer Case,* cited *supra.*   To hold the pleading bad would be to ignore that decision as well as the statutes cited.   The statutes referred to should be so construed as to effectuate the purpose which the legislature had in mind in passing them. *State ex rel. McKay v. Curtis,* 130 Wis. 357, 110 N. W. 189.

The rights of a defendant in a criminal case should be jealously and scrupulously guarded and protected by the courts. But this does not mean that a person accused of crime should

be turned loose on mere technicalities which in no way involve the merits of the case.    Such maladministration of our criminal law should not be encouraged or tolerated.    If the defendant in this case did not obtain the moneys charged in the various counts in the indictment, he has a perfect defense to each and every count therein contained and is not deprived of any right to avail himself of such defense.

2. It was not necessary to name the individual officers of Marinette county to whom the false pretenses were made. The statutes prescribe the officer with whom a claim must be filed; the body that must audit the bill; the officers who must sign the warrant when the bill is allowed; and the officer charged with the payment of the warrant.    It is perfectly apparent from the indictment in this case that the false pretenses were made to the county board of Marinette county, and were made to it by representations on defendant's part that he had boarded divers prisoners in the jail of Marinette county for certain definite periods of time, when in fact he had not done so.    The indictment sufficiently informed the defendant of the charge against him.    Nothing is said in *Bates v. State,* 124 Wis. 612, 103 N..W. 251, that is contrary to the views here expressed.

3. Neither do we think the point well taken that the indictment fails to show that all of the formalities prescribed by sec. 677, Stats. (1898), were observed in relation to the preparation, verification, and filing of the defendant's claim. It does show that the statute was substantially complied with. Whether it was or not would not seem to be controlling.    If the false representations made were calculated to and did deceive the county so that it parted with its money, and the defendant obtained it, that is sufficient.    *Roberts v. People,* 9 Colo. 458, 13 Pac. 630; *People v. Carolan,* 71 Cal. 195, 12 Pac. 452; *State v. Stewart,* 9 N. Dak. 409, 83 N. W. 869; *Berreyesa v. Territory* (Ariz.) 76 Pac. 472.    The demurrers interposed to the various counts in the indictment should have been overruled.

*By the Court.*—The order and judgment of the circuit court is reversed, and the cause is remanded with directions to set aside the order sustaining the demurrers to the indictment and to enter an order overruling the same.