## S. F. BOULTINGHOUSE et al. v. STATE.

No. A-4088. Opinion Filed Sept. 15, 1923.
(218 Pac. 173.)

(Syllabus.)

1. **Criminal Law—Series of Acts Under Original False Pretense Held Separate and Distinct Offenses.** In a prosecution for false pretense, where the original pretense consisted of a false representation that a fictitious person was in the employment of a corporation and his name was caused to be entered upon the pay-roll of the corporation for the purpose of drawing wages for services not rendered, the fraudulent payment of wages, from time to time thereafter, on recurring pay days, and the fraudulent issuance, receipt, and cashing of such fraudulent checks, constituted separate and distinct offenses. Each fraudulent issuance and payment of such a check may be considered as a separate reiteration or repetition of the original false pretense.

2. **Appeal and Error—Indictment and Information—Information Alleging Ten Separate Offenses in as Many Counts Demurrable for Duplicity—Overruling Demurrer Held Harmless.** Where an information in ten separate counts charges that money was fraudulently obtained through the payment of ten separate checks issued to a fictitious person on recurring pay days, such information is subject to demurrer on the ground of duplicity. But where such demurrer is interposed and overruled, and the accused then makes a motion requiring the state to elect upon which count it will rely for conviction, and the motion to require an election is sustained, and the state, in compliance with the court's order elects to stand upon one count only, and by appropriate instruc-

tions the court instructs the jury to consider the evidence as affecting that count alone, and where all the evidence introduced was properly admissible and relevant, as tending to support the accusation contained in that count, under the circumstances here, the overruling of the demurrer was harmless.

3.    Evidence—Evidence of Similar Transactions Admissible to Prove Intent.    In a prosecution for false pretense, where the question of intent is of vital importance, evidence of similar transactions both before and after the one charged is admissible to prove intent, where the different transactions indicate a scheme, plan, conspiracy, or system to defraud.

Appeal from District Court, Oklahoma County; Edward D. Oldfield, Judge.

S. F. Boultinghouse and another were convicted of obtaining money under false pretenses, and they appeal. Affirmed.

Giddings & Giddings, for plaintiffs in error.

Geo. F. Short, Atty. Gen., N. W. Gore, Asst. Atty. Gen., and Robert Burns, Co. Atty., for the State.

BESSEY, J. S. F. Boultinghouse and C. B. Hiler, plaintiffs in error, herein referred to as the defendants, were on the 20th day of March, 1920, informed against jointly with H. E. Guffin and Mrs. M. B. Langdon. The information charged that the defendants by means of tricks, deceptions and false and fraudulent representations kept and maintained upon the pay rolls of Morris & Co. certain fictitious employes and caused to be issued to such fictitious employes pay checks for services which they represented had been performed by these fictitious persons fraudulently placed upon the pay rolls, and that these defendants and their associates fraudulently caused the checks so issued to be paid, and that the money so obtained was divided among them.

At the trial, on April 1, 1921, the defendants were, by a verdict of the jury, found guilty. The punishment of defend-

ant Boultinghouse was by the jury fixed at a term of 3 years in the penitentiary and a fine of $100, and the punishment of defendant Hiler was assessed at 18 months in the penitentiary. From the judgments on these verdicts the defendants prosecute this appeal.

The information charges the defendants and those acting with them with having obtained checks and money belonging to Morris & Co. by means of tricks, deceptions, and false and fraudulent representations, consisting of a conspiracy among certain timekeepers and secretaries of this company to carry on the pay rolls of the company certain fictitious persons, among whom was one designated Vincent Bodine, to whom the checks were issued and made payable, and that the conspirators on successive pay days caused these checks so fraudulently issued to Vincent Bodine to be cashed and the proceeds divided among the conspirators. The checks so issued and the proceeds so appropriated were in different amounts, and issued and fraudulently appropriated at different times. The information recites the facts at great length, in detail, in ten separate counts, describing in each count the issuance and payment of one of these checks, all of which were issued to Vincent Bodine, a fictitious person, and that they were from time to time cashed and paid to one of the conspirators and the money then divided among them all.

To the information as a whole, separate demurrers were filed by the defendants, setting out, among other things, that more than one offense was set forth in the information. The demurrers were by the court overruled. Subsequently, on the 28th day of March, 1921, these defendants announced ready for trial, and the trial proceeded without any objection on the part of defendants to the introduction of evidence.

At the close of the state's testimony, the defendants, and each of them, interposed what they termed a demurrer to the evidence—equivalent to a request for an instruction to render a verdict in favor of the defendants—on the ground that the several counts in the information and the proof were duplicitous. These requests for an instructed verdict were by the court denied.

The defendants then requested that the state be required to elect upon which one of the checks or payments, as described in the different counts of the information, the defendants would be required to make a defense. This motion was sustained, and the state elected to stand on the fraudulent receipt of money described in the first count; whereupon the trial proceeded, and the defendants introduced their testimony. At the close of all the testimony, the defendants requested the following instruction:

"Gentlemen of the jury, the information in this case is fatally defective, because it undertakes to charge the defendants with ten separate and distinct offenses. The information being fatally defective, a conviction cannot be sustained. Therefore this case is dismissed and the defendants discharged."

This instruction was by the court refused.

On April 1, 1921, the jury returned into court two verdicts, one finding defendant Boultinghouse guilty, the other finding defendant Hiler guilty, and fixing their respective punishments as above set out. The jury were unable to agree upon a verdict as to defendant Mrs. M. B. Langdon. After a motion for a new trial was overruled, the defendants made a motion in arrest of judgment on the ground that the information was duplicitous. This motion was likewise overruled.

The only alleged error persuasively urged in defendants' brief is that the information charged several separate offenses

and is duplicitous, based upon the following statute (section 2558, Comp. Stat. 1921):

"The indictment or information must charge but one offense; but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

We are inclined to hold that the information as a whole was duplicitous. While the original false pretense was to the effect that Vincent Bodine was a person in being and on the pay roll of Morris & Co., this pretense was renewed and reiterated on each succeeding pay day, thus making the fraudulent drawing and cashing of these several checks separate and distinct offenses. This being true, the demurrer to the information, on the ground of duplicity, should have been sustained; likewise the so-called demurrer to the evidence should have been sustained.

The error in overruling the demurrer to the information, on the ground of duplicity, or the error in not sustaining the so-called demurrer to the evidence, are of slight importance in this case, however, because finally the defendants, on their own motion, were required to defend as to one count only; and the evidence as to the offenses set out in the other counts could be properly introduced, in support of the first count, to establish a conspiracy and to show a fraudulent system, or plan to deceive and defraud. Koontz v. State, 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689; Hollingshead v. State, 21

Okla. Cr. 306, 207 Pac. 104; Spies v. People, 122 Ill. 1, 12 N. E. 865, 17 N. E. 898, 3 Am. St. Rep. 320; 12 C. J. "Conspiracy," §§ 228-230; People v. Rice, 206, Mich. 644, 173 N. W. 495.

Under some circumstances it is error to embarrass defendants with a multitude of issues, even where the offenses alleged grow out of or are directly connected with the same transaction; but such errors only as work a substantial injury to the defendant will operate to reverse a conviction, and where, as in this case, the defendant was accorded every substantial right to which he would be entitled if the case were tried again, a conviction will not be disturbed, particularly where it appears that at a subsequent trial the evidence would be the same or similar, manifestly justifying a conviction. There were not and could not be any extenuating circumstances in the perpetration of a fraud of this character. All the evidence touching the drawing and cashing of all ten of the fraudulent checks was admissible under any theory of the case.

The right of the state to introduce evidence of other like crimes, all so connected as to be explanatory of the crime for which an accused stands charged is well stated and analyzed in People v. Rice, supra. In that case the prosecution was permitted to introduce proof of similar transactions occurring both before and after the obtaining of the check in question, for the purpose of showing intent. In holding that this was proper the court, in substance, said:

The defendant stood charged in the information with making a certain false and fraudulent representation, with intent to cheat and defraud the company by means of a false and fraudulent check. The general rule of evidence is well established that upon trial for a felony the prosecution will not be permitted to give evidence tending to establish the guilt of the defendant of another distinct and independent crime, but this

rule has its exceptions. Where the question of intent is of vital importance, evidence of similar transactions, both before and after the one charged, are admissible to prove intent. The underlying reason for the exception lies in the fact that a man may be honestly mistaken, and the proof of one transaction standing alone would not establish a fraudulent intent; but the probability of an honest intention diminishes as the number of similar transactions, indicating a scheme or system, increases. Thus, a man may honestly offer a counterfeit bill, and the one transaction standing alone has little force in proving guilty knowledge, in proving intent to defraud; but, if he successively offers 5 or 25 counterfeit bills, as such offers increase in number the probability of an honest mistake diminishes and the probability of guilty knowledge and intent to cheat increases.

In 3 Greenleaf on Evidence (16th Ed.) § 15, it is said:

"The unlawful intent in the particular case may well be inferred from a similar intent proved to have existed in other transactions done before or after that time."

In 1 Wigmore on Evidence, § 320, it is said:

"Subsequent representations are equally admissible with prior ones, because on the principle of intent it is the repetition of them that is significant, and a subsequent instance reduces the probability of innocence equally as well as a prior one."

And in Wharton on Criminal Evidence (10th Ed.) vol. 1, § 39, is found the following:

"When the object is to show system, subsequent as well as prior collateral offenses can be put in evidence, and from such system identity or intent can often be shown. The question is one of induction, and the larger the number of consistent facts the more complete the induction is."

For a more complete and extended analysis of this rule of evidence, see People v. Rice, supra, and cases there cited.

The record here shows that this class of evidence introduced in this case could, and doubtless would, be introduced at a retrial on the merits.

The judgment of the court below is therefore affirmed.

MATSON, P. J., and DOYLE, J., concur.