THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD C. CRONKRITE, Plaintiff in Error.

*Opinion filed December 16, 1914—Rehearing denied Feb. 16, 1915.*

CONFIDENCE GAME—*charge that accused obtained money is not sustained by proof that he received a check.* A charge that the accused obtained money by means of the confidence game is not sustained by proof that what he obtained from the victim was a check; and this is true though he afterwards cashed the check at a bank. (*Lory* v. *People,* 229 Ill. 268, and *People* v. *Warfield,* 261 id. 293, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

NORTHUP, ARNOLD & FAIRBANK, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and C. H. LINSCOTT, for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Edward C. Cronkrite was convicted in the criminal court of Cook county upon an indictment charging him with confidence game. The first count of the indictment charged that plaintiff in error, on March 28, 1912, in Cook county, Illinois, unlawfully, fraudulently and feloniously did obtain from Nels A. Juergensen a large sum of money,

goods and personal property, to-wit, $400, lawful money of the United States, the goods, money and personal property of Nels A. Juergensen, by means and by use of the confidence game. The indictment contained a second count charging a common law larceny of $400 in money, but there was no evidence offered tending to support this count and the verdict specifically found plaintiff in error guilty as charged in the first count. Motions for a new trial and in arrest of judgment were successively made and overruled and exceptions duly preserved.

The material facts disclosed by the record are as follows: Plaintiff in error caused the following advertisement to be published in the *Chicago Daily News:*

"Partner; outside; $400; real estate business; established 1886; experience unnecessary; average over $25. If ready with cash call. 10 to 3, suite 1, 1549 Ogden av., cor. Madison."

The prosecuting witness saw this advertisement and called at the place designated therein on the 27th day of March, 1912, and after a conversation in relation to the business proposition a partnership agreement was signed by Juergensen and plaintiff in error. The partnership agreement is in the following language:

"*Partnership contract.*—A partnership contract and agreement is hereby entered into by and between E. C. Cronkrite and N. A. Jergensen, as follows: N. A. Jergensen pays E. C. Cronkrite four hundred dollars ($400) for one-half interest in the good will and profits of the general brokerage business being conducted at the cor. Ogden av. and Madison street, Chicago, Cook county, Illinois, by E. C. Cronkrite, (not including office furniture, fixtures or equipments,) interest to be solely in good will and profits. Firm name to remain unchanged. To share all expenses and divide all profits (except notary fees) equally. E. C. Cronkrite to attend to the general financial affairs of said business exclusively, and N. A. Jergensen agrees to not put his time at office but attend to the outside work exclusively. The object of this partnership is to build up the renting part of it, to list rentable property, put up rent signs, get the collections of real estate rentals, or work for the mutual advantage of increasing the business in any manner best for the upbuilding of same, and to be advised and gen-

erally directed by E. C. Cronkrite · in work and affairs of said
business. No stated profits are guaranteed to N. A. Jergensen by
E. C. Cronkrite, as the business is strictly a commission business,
and no representation is made by E. C. Cronkrite as to what the
income will be in future, and N. A. Jergensen agrees to take his
chances with E. C. Cronkrite as to what the future income of said
business will be, not even a living being guaranteed. Should
N. A. Jergensen desire to sever his connection at any time after
trial, it is hereby specially agreed he can sell his interest to an
acceptable party to both members of the firm, or E. C. Cronkrite
will buy out said interest, providing an agreement satisfactory to
both interested can be made, and it is specially understood a disso-
lution will be effected under above terms between E. C. Cronkrite
and N. A. Jergensen without any outside help or this partnership
to become null and void. E. C. Cronkrite reserves same right to
sell his interest. Each member of this firm specially agrees to live
up to these conditions fully. N. A. Jergensen the days necessary
to report at office agreed to report between 11 and 12 in morning
only. This contract is agreed upon, understood fully and entered
upon and into (and all other rights concerning this partnership
being herein waived not herein contained) and signed this 28th
day of March, 1912.          Signature, E. C. CRONKRITE, (Seal)
Signature, N. A. JERGENSEN. (Seal)
Address 4111 Potomac Av."

On the day that the foregoing contract was executed by
the parties the prosecuting witness delivered to plaintiff in
error a check for $400, which was indorsed and collected
by plaintiff in error. Juergensen commenced work under
the partnership agreement with plaintiff in error on the first
day of April, 1912, and continued until about the 19th day
of June. The partnership business did not prove as profit-
able as the prosecuting witness had been led to believe it
would, and on the 19th of June he demanded the return of
the $400, and threatened that unless the same was paid by
plaintiff in error he would take legal proceedings against
him. On the trial the prosecution offered evidence tend-
ing to show that plaintiff in error had previously advertised
for a partner, and that Frank P. Krauth and Arthur Mey-
ers had each previously purchased an interest in plaintiff
in error's business and had subsequently disposed of it. It

appeared from the evidence of Krauth that he had at one time purchased an interest in plaintiff in error's business and had withdrawn from the enterprise and obtained a judgment in the municipal court for the money that he had paid plaintiff in error. Meyers had paid $200 for an interest in the business and becoming dissatisfied demanded a return of his money, and plaintiff in error had paid him a part of the $200 and Meyers had abandoned all interest that he had in the partnership. It seems to have been the theory of the prosecution that these two witnesses had such interest in plaintiff in error's business that he could not sell a one-half interest to Juergensen, but this theory is not supported by the evidence. The evidence also showed that plaintiff in error had formed a partnership similar to that entered into with Juergensen, with H. C. VanNorman and A. C. Deuters, the former in 1910 and the latter in 1911, and that the business during the time the last two named partners were engaged therein was successful and that the earnings were from $12 to $100 a week for each member of the firm. The only statement that the prosecuting witness testifies plaintiff in error made to him that is not embodied in the written contract, is a representation that the business would make from $15 to $20 per week for each of them. The evidence shows that the profits during the three months Juergensen was engaged in the business were somewhat disappointing to him.

Plaintiff in error contends that this transaction does not constitute the offense of obtaining money by means of the confidence game; that the evidence of previous similar transactions with other parties was not admissible in evidence and that the court erred in overruling the objections to the testimony of Meyers and Krauth; that plaintiff in error having been charged in the indictment with obtaining $400 in money, proof that he received a check from the prosecuting witness constitutes a fatal variance and does not sustain the charge in the indictment. It will

only be necessary to consider the last of these assignments of error, since, under the view we take, that contention must necessarily result in a reversal of the judgment.

The proof is, that what plaintiff in error obtained was a check, which was afterwards paid. The question, therefore, is whether an indictment charging that plaintiff in error obtained money is sustained by proof that he obtained a check. In *Lory* v. *People*, 229 Ill. 268, this court held that under an indictment charging that the defendant feloniously obtained from a certain person "$400 of good and lawful money of the United States" is not sustained by proof that the defendant obtained a check for $300, and the ground of the decision was, that proof of obtaining a check is fatally variant from the charge of obtaining money. Defendant in error seeks to distinguish that case from the one at bar because in the *Lory case* it did not appear that the prisoner had obtained the money upon the check, but that circumstance cannot affect the question at issue. Proof that the check was afterwards cashed does not sustain the allegation that he obtained the money from Juergensen. He obtained money, it is true, from the bank, but what he obtained from Juergensen was a check, and nothing else. The *Lory case* was followed in *People* v. *Warfield*, 261 Ill. 293. These cases, and authorities cited therein, seem to be conclusive of this question. The proof here was fatally at variance with the only charge in the indictment that could sustain a conviction.

In addition to the error already pointed out we are of the opinion that the evidence in the record is wholly insufficient to support the verdict.

The judgment of the criminal court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*