(No. 19412.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ABE TRATNER, Plaintiff in Error.

*Opinion filed April 20, 1929.*

WM. SCOTT STEWART, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and ROYCE A. KIDDER, (EDWARD E. WILSON, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Abe Tratner was indicted in the criminal court of Cook county for obtaining money by means of the confidence game. He was convicted and sentenced to the penitentiary and prosecutes this writ of error for a review of the record.

The indictment originally consisted of three counts, but two, charging larceny and larceny as bailee, respectively, were dismissed. The second count, on which the conviction is based, charged that Tratner, the plaintiff in error, feloniously obtained money, specifying gold, silver, nickel and copper coins and paper currency, both of particular and unknown denominations, from Harry H. Weiss by means of the confidence game, and that the money so obtained belonged to Weiss. The evidence shows that plaintiff in error obtained checks from Weiss, and that the checks were drawn by "The Brady Conveyors Corporation by Abner J. Weiss, President," and were made payable to S. Tratner & Son.

Plaintiff in error contends that the charge that a person obtained money is not established by proof that he obtained checks, and hence that there is a fatal variance between the indictment and the proof. An indictment which charges that a person obtained money by means of the confidence game is not sustained by proof that he obtained a check. *People* v. *Cronkrite,* 266 Ill. 438; *People* v. *Warfield,* 261 id. 293; *Lory* v. *People,* 229 id. 268.

The rule announced by the foregoing decisions, the defendant in error argues, ceased to have force upon the enactment of the Negotiable Instruments law, which became effective in this State on July 1, 1907. (Laws of 1907, p. 403.) Section 188 of that act, to which the defendant in error makes particular reference, provides that "a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." (Cahill's Stat. 1927, p. 1745; Smith's Stat. 1927, p. 1874.) It is obvious that this section of the act does not convert a check into money. Moreover, *People* v. *Warfield, supra,* and *People* v. *Cronkrite, supra,* arose and were decided since the Negotiable Instruments law was enacted in this State.

The checks obtained in the instant case were issued by the Brady Conveyors Corporation and apparently were not the property of Harry H. Weiss. They did not constitute money obtained from Weiss, as charged in the indictment. It follows that there is a fatal variance between the indictment and the proof.

The judgment of the criminal court of Cook county is reversed.

*Judgment reversed.*