# WHEELING.

## STATE v. MILLER.

Submitted June 25, 1884—Decided September 27, 1884.

1. It is not sufficient, to set aside a verdict in a misdemeanor case, where there was no misconduct on the part of the jurors, for one to say in the presence of two of the jury, "the defendant is in a tight place." (p. 803.)

2. It is not such surprise, as will justify setting aside the verdict of the jury in a perjury case, that the prosecuting witness testified upon an immaterial matter differently from his testimony in the case, in which the false oath was taken. (p. 804.)

3. Whatever may be the rule in this State as to the quantity of evidence necessary to convict for perjury, where the defendant is not examined in his own behalf, when he is sworn before the jury and testifies in his own behalf, it is the exclusive province of the jury to weigh his testimony with that of the prosecuting witness, and if there is no other testimony, the jury can convict him, if satisfied of his guilt beyond a reasonable doubt. The manner of the defendant while testifying and the unreasonableness of his story might amount to the strongest corroboration of the evidence of the prosecuting witness. (p. 806.)

The facts of the case are stated in the opinion of the Court.

*W. L. Hays* for plaintiff in error.

JOHNSON PRESIDENT:

Edward Miller was on the 5th day of June, 1882, indicted in the circuit court of Gilmer county for perjury. The indictment is in the common form, and the motion to quash was overruled, and no objection was raised to it in this Court, and on inspection none appears. The indictment contains also a count for false swearing. The perjury charged is, that on the trial of an indictment against Bassel Branen for distributing intoxicating liquors to voters on election day, the defendant swore to the truth of the said charge, which is negatived in the indictment against him. To the' indictment the defendant pleaded not guilty. A trial was had and the jury found him guilty of perjury as charged in the indictment, and the court sentenced the defendant to

imprisonment in the county jail for one year and fixed his fine at five dollars. To this judgment he obtained a writ of error.

The defendant moved the court to set aside the verdict and grant him a new trial on the ground, that improper remarks had been made in the presence of the jury, while the case was under consideration by them; also because he was taken by surprise by one of the State's witnesses, and because the charge was not proved, as the law required it to be. The first two grounds were supported by affidavits, the court overruled the motion, and the defendant excepted. The affidavit to support the first ground for the motion for a new trial is that of J. N. Post, which is in substance, that during the trial in the presence of himself and another juryman Penin, Cox and Collins were talking and Collins remarked, that the defendant, Miller, was in "a tight place;" that affiant requested him not to talk about the case in his presence, and notwithstanding the request Collins repeated the remark and turning to Cox said: "He cannot talk much;" that affiant did not know to whom he referred, but that said conversation had no effect on his decision. The State introduced the affidavit of Amos Penin, the other juror referred to in Post's affidavit, who said, that the conversation between Cox and Collins took place at the dinner table, when Post asked them not to speak about the case, as jurors were present. Collins replied, that what he said he would repeat, that "Miller was in a tight place;" that Post got up and left the table and then Collins stated the reason for thinking so, and said his remarks had no reference to the case more than the abuse Miller had to take at the bar from the attorneys. Here is no misconduct on the part of the jury, and it is clear that what occurred is not sufficient reason for setting aside a verdict. If verdicts were set aside for such causes, the administration of justice would be seriously interfered with. The other affidavits were those of the defendant and of Stamp, Chrisman, Skinner, Ford, Horner, and Westfall, which were filed to support the motion for a new trial on the ground of surprise. The first by the defendant, that the testimony of Branen took him by surprise because Branen's evidence was materially different

from what it was on the trial of *State* v. *Bassel Branen*, when he swore that defendant, Miller, was not intoxicated at the election in 1880, at which, it was charged in the indictment against Branen, that said Branen had distributed liquor to voters, and that on this trial against said Miller he testified was intoxicated and rode his horse recklessly about and made a great deal of noise, and if defendant had known that he would have sworn differently on the last trial as to that matter, he could have brought evidence to contradict his testimony. The other affidavits are to the effect, that said Miller was not intoxicated at said election. The indictment in both counts charges that the defendant "did "knowingly, feloniously, wilfully and corruptly depose, swear and testify among other things, that he was present on the 2d day of November, 1880, at the election aforesaid, and saw the said Bassel Branen give to the said Abram Miller, a drink out of a half-pint bottle; that the said Branen also at the same time and place gave to him, said Edward Miller, a drink out of the said bottle, and that the contents thereof was pure liquor; that he had not drank any whisky or other intoxicants or had any whisky or other intoxicants about his person on that day other than what he got of the said Bassel Branen out of the said bottle, and that he was not intoxicated on the said 2d day of November, 1880, whereas in truth and in fact the said Bassel Branen did not then and there, in the said county and on the said 2d day of November, 1880, give the said Edward Miller a drink out of a half pint bottle, the contents whereof were pure liquor, but the said bottle then and there in possession of the said Branen was a one fourth pint bottle, and contained a medicine, and did not contain pure liquor; and that the said Edward Miller did then and there, in the said county on the 2d day of November, 1880, drink whisky and other intoxicants other than what he got of the said Bassel Branen, and was on the day and year last aforesaid * * * intoxicated," &c.

The defendant had notice of what the State proposed to prove and should have been prepared with his witnesses to defend himself. He was not to govern his action by what he thought the State's witnesses might depose, and could not claim that he was surprised because one or more of them

might swear differently to their testimony on a former occasion. If they did this, he could have shown it and thus impeached them. He does not claim that the testimony by which he could contradict the witness was after-discovered. There is nothing in the affidavits to justify the Court in granting a new trial.

The other ground is, that the offence of perjury was not proved, as the law requires it should be proved, before a conviction can be had. It is insisted by counsel for defendant, that to convict of perjury requires the oath of at least one witness and corroborating circumstances.

Greenleaf in his work on Evidence, volume 2 section 257 says: "In proof of the crime of perjury it was formerly held that two witnesses were necessary because otherwise there would be nothing more than the oath of one man against another upon which the jury could not safely convict. But this strictness has long since been relaxed, the true principle of the rule being merely that the evidence must be something more than sufficient to counterbalance the oath of the prisoner and the legal presumption of innocence. The oath of the opposing witness therefore will not avail unless it is corroborated by other independent circumstances."

Wharton in 2 Cr. L. section 1319 says: "The rule that the testimony of a single witness is not sufficient to negative the false oath, is not merely technical, but is founded on substantial justice. There must be either two witnesses to prove such falsity, or one witness with material and independently established corroborative facts."

In *United States* v. *Wood*, 14 Pet. 430, it was held, that on a trial for perjury in taking the owner's oath under the act of March 1, 1823, section 4 (3 Stats. at Large 730,) it was not necessary for the prosecution to produce a living witness to testify to the falsehood of the fact sworn to; if the jury believe the written evidence contained in the defendant's letters and in other documents recognized by him as genuine, proves he made a false and corrupt oath.

In *Woodbeck* v. *Keller*, 5 Cow. 118, it was held, that in slander in charging the plaintiff with perjury the defendant, in order to justify by proving the truth of the charge, must give evidence of the same strength, as would be necessary to

convict of perjury on a criminal prosecution. Accordingly one witness alone is not sufficient to sustain the justification. His testimony must at least be corroborated by independent circumstances. In neither case is it precisely accurate to say, that the charge must be made out by two witnesses swearing positively or by circumstances equivalent to a second witness. If there be only one witness, circumstances strongly corroborative are enough although not of themselves and uncontradicted sufficient to prove a fact.

In *State* v. *Herd*, 57 Mo. 252, it was held, that to convict of perjury the oath of the opposing witness must be corroborated by material and independent testimony. And instructions ignoring this point and directing a conviction in case the jury are satisfied, &c., of guilt is manifest error; but it is also error to instruct, that such additional evidence must be tantamount to another witness.

In the case before us, it seems to me, that under the rule we have referred to, there is sufficient corroboration to justify the jury in rendering the verdict which they did render. The false oath in the judicial proceedings material to the case was, as charged, that Bassel Branen distributed liquor to voters on the election day in 1880, when in truth and in fact he had no liquor. It is clearly proved, that Miller swore he had, and that he gave it to him and his son, Abram Miller. Bassel Branen swore he did not distribute liquor to voters on that day, but that what he had was medicine, with strychnia in it, compounded by H. L. Ewing, a druggist in Glenville, Gilmer county, which he had in a four ounce bottle, and that Miller took it out of his pocket, and he told him not to drink it, that it was medicine, which he disputed, and he told him to taste it and see. Said druggist testified without objection, that he had often compounded medicine for Branen on a prescription of Dr. Holt, of Weston; that about two days before the election in November, 1880, he had re-filled said prescription; that it contained two ounces of sherry wine, and that in it were four kinds of medicine, one being strychnia. The preparation filled a four ounce or one-fourth pint bottle. There was other evidence also showing, that defendant had a bottle of spirituous liquor in his own pocket and on that day was under the influence of liquor. It seems

to me, even if the rule that prevails in other States was the rule in Virginia and in this State, there was sufficient corroboration of the prosecuting witness to justify the jury in finding the verdict of guilty of perjury.     We doubt whether the rule that prevails in other States on this subject is the rule here.     Our courts, unless the case of perjury may be an exception, are never permitted to instruct a jury upon the weight of evidence. (*State* v. *Thompson*, 20 W. Va., and cases cited.) We held in *State* v. *Betsall*, 11 W. Va. 703, after a thorough review of the authorities, that a prisoner might be properly convicted on the uncorroborated evidence of an accomplice, and in such case, the trial-court could not properly instruct the jury on the weight the jury should give to such evidence.

The rule that to convict of perjury one witness and corroborating circumstances are required is obviously founded on the fact, that, as the defendant has made his statement, the falsity of which is in issue, under the sanctity of an oath, the law raises a legal presumption that it is true, and the defendant at common law not being permitted to testify in his own behalf, this presumption of the truth of the statement and the good character of the defendant continues, until it is removed by evidence, and that the oath of the prosecuting witness is entitled to no more weight than that of the defendant made before the prosecution was instituted, and that therefore no man should under such circumstances be convicted of an infamous offence, and to authorize such conviction, the evidence of the prosecuting witness should be corroborated.     But when the statute permits the defendant to be sworn before the jury in his own defence, as it does in our State in such case, and he avails himself of the right and is examined as a witness in his own behalf, the reason for the rule is gone, and the jury then is the sole judge of the weight to be given to his evidence, and the legal presumption of the truth of his statements previously made is removed, and the manner of the witness in giving his evidence may be sufficient corroboration of the evidence of the prosecuting witness.     Like any other case under such circumstances, the jury would be the exclusive judge of the credit to be given to the witnesses, and if they find him guilty, this Court

could not on well settled principles disturb the verdict. That is this case, and we cannot therefore disturb the verdict.

What would be the power of this Court over a verdict of a jury finding a person guilty of perjury, who was not sworn in his own behalf, and where there was no corroboration of the testimony of the prosecuting witness is not decided in this case. We have been considering this case as though there was no legal objection to the bill of exceptions, which it is claimed certifies the facts in the case. The bill certifies, "that the foregoing are all the material facts in the case," &c., yet the same bill of exceptions after purporting to give all the evidence for the State, proceeds: "And the court at the instance of the defendant further certifies, that upon the trial of said defendant he introduced evidence tending to explain his possession at the said election of a bottle and of his offer to give witness, Wiant, a drink, which evidence was to the effect, that when defendant was on his way to the Grass run voting place, the defendant took an empty quart bottle from his pocket and went aside to a stream of water and partly filled said bottle with water, stating at the time to one or two persons with him that he intended to have some fun with that bottle and water down there at said election. And defendant testified, that it was this bottle with water in it that he offered to said witness Wiant. And the court at the special request of the defendant, further certifies, that said defendant and his son Abraham Miller, gave evidence to the jury tending to contradict the material testimony of Bassel Branen in this, that it was pure whisky that said Branen gave them on said day of election, November 2, 1880." The exceptor in the bill of exceptions is unfortunate in using the words "tending to prove," but it is manifest, that the evidence given is incorporated in the bill of exceptions and may be treated as containing all the evidence in the case.

We see no error in the judgment and it is therefore affirmed.

AFFIRMED.