[Crim. No. 904. Second Appellate District, Division Two.—November 23, 1922.]

THE PEOPLE, Respondent, v. J. K. WOODS, Appellant.

[1] CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—DELIVERY OF PROPERTY TO THIRD PERSON.—In a prosecution for obtaining money under false pretenses it is not necessary that the property be obtained by the accused for himself, but it is sufficient if, induced by his false representations, it is delivered to another, either for the benefit of that other or for the benefit of the accused.

[2] ID.—CHECKS AS MONEY.—The charge against the accused having been for obtaining "money" under false pretenses, that was sufficiently shown by proof that he had received from the complaining witness two checks which totaled the amount alleged and

that such checks were cashed and charged against the account of the complaining witness.

[3] APPEAL—POINTS RAISED IN CLOSING BRIEF.—Points made by the appellant for the first time in his closing brief on appeal will not be considered.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. T. Kendrick, Jr., Louis Blodgett and Victor H. Kendrick for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman and Erwin W. Widney, Deputies Attorney-General, for Respondent.

WORKS, J.—Defendant appeals from a judgment convicting him of the crime of obtaining money under false pretenses.

The information under which appellant was prosecuted alleged that he had obtained from the prosecuting witness in the case, pursuant to certain fraudulent misrepresentations he had made to her, a certain sum in lawful money of the United States. The evidence showed without dispute that he had received from her two checks which totaled the amount alleged. Appellant contends that the trial court erred in refusing to instruct the jury "that unless you believe from the evidence that the check [*sic*] which was given to the defendant . . . was cashed (by the defendant) and that the defendant received the money, then you will find the defendant not guilty." This instruction was doubtless requested for the reason that there is in the record some evidence tending to show that appellant was not the owner of the real property which was the subject of his misrepresentations, that he sold it to the complaining witness as the agent of a third party and that he received merely a commission for making the sale. The requested instruction, however, does not correctly state the law. The fact that appellant was only an agent and that the purchase price was not received by him, if it were a fact, was immaterial. [1] In prosecutions for obtaining property under false pre-

tenses it is not necessary that the property "be obtained by the accused for himself," but "it is sufficient if, induced by his false representations, it is delivered to another, either for the benefit of that other or for accused's benefit" (25 C. J. 606). Section 532 of the Penal Code, denouncing the crime of obtaining money by false pretenses, contains nothing inconsistent with this statement of the effect of the decided cases.

[2] There was here undisputed evidence showing that the two checks were cashed and charged against the account of the complaining witness at her bank, although it does not appear who got the money. This was all that was necessary, even if that much were required (*People* v. *Hutchings,* 56 Cal. App. 397 [205 Pac. 480]), speaking in view of the fact that the charge against appellant was for obtaining *money.*

Appellant insists that the trial court erred in refusing to give two other instructions requested by him, but it is palpable that the ground covered by the two was also covered by instructions that were given. This is so plain to us that we do not further discuss the two questions presented.

[3] Several other points are first made by appellant in his closing brief. It has been determined many times that points so made will not be considered.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1923.

All the Justices concurred.