[Crim. No. 1168.   First Appellate District, Division Two.—April 28, 1924.]

## THE PEOPLE, Respondent, v. JAMES C. GALBRAITH, Appellant.

[1] CRIMINAL LAW — PERJURY — EVIDENCE — CORROBORATING CIRCUMSTANCES.—In a prosecution for perjury where the people depend upon the testimony of one witness and corroborating circumstances, it is not necessary that these corroborating circumstances be proved by direct testimony specifically corroborating the testimony of the main witness, it being sufficient if such circumstances tend to corroborate the facts which are offered in evidence to show the falsity of the statements of the defendant on trial.

―――――

(1) 30 Cyc., pp. 1448, 1454, 1455.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank M. Carr and Stanley R. Sterne for Appellant.

U. S. Webb, Attorney-General, Wm. F. Cleary, Deputy Attorney-General, for Respondent.

―――――

1. Number of witnesses and corroborative evidence necessary to support conviction for perjury, note, 6 **Ann. Cas.** 812. See, also, 8 **Cal. Jur.** 171; 21 **R. C. L.** 272.

NOURSE, J.—The defendant was charged with perjury alleged to have been committed in the course of his testimony as a witness in the case of *People* v. *Jeff Galbraith* and others who were charged with the robbery of the Pergola Cafe, a resort located seventeen miles out of Oakland, on the night of January 13, 1923. The information charged that during the course of said trial the defendant herein, after being duly sworn as a witness, testified that he had met Jeff Galbraith in the city of Tulare, California, early in the morning of the 13th of January and had spent the whole day with him, leaving him about 5 or 5:30 o'clock P. M.; that he had driven with him out to a camp called Liggett's, which place he left at about 4 P. M. with the said Jeff Galbraith, driving with him back to the town of Tulare; that he left Jeff on the street in Tulare and went to his own home and then to the freight yards, where he took a train out of Tulare the same night.

The evidence at the perjury trial consisted of the direct testimony of one George Ducker directly showing the falsity of all the testimony given by the defendant herein, and the corroborating testimony of other witnesses tending to show that the entire story of the defendant was a fabrication. Ducker testified that between the hours of 4 and 5 P. M. on the 13th of January, 1923, he picked up Jeff Galbraith and two others at a place in Modesto, which was shown to be 137 miles from Tulare; that he carried these parties in his automobile through the San Joaquin valley, through Tracy and down to Oakland, a distance of eighty-six miles, where they all had their dinner, and then from Oakland out to the Pergola Cafe, a distance of seventeen miles, where the occupants of the car held up and robbed the cafe at about 10:30 or 10:45 P. M. of that night. It was shown that if Jeff Galbraith had traveled this route from Tulare he would have covered a distance of 240 miles in about five hours, and it was also shown that no trains left Tulare for the north within the time mentioned. The witness Ducker gave a detailed account of the automobile ride from Modesto to the cafe, and his testimony that Jeff Galbraith took part in the robbery of the cafe at 10:30 that evening was expressly corroborated by another witness who saw him on that occasion. Though the corroboration of the

testimony of Ducker is meager, all the circumstances and inferences to be drawn from the evidence before the jury tended in themselves to corroborate his story of the movements of Jeff Galbraith on the day in question and to demonstrate the impossibility of the facts related by the defendant in his testimony.

In addition to this the defendant himself, in his endeavor to bolster up the story which he had previously given, testified that he fixed the time of his visit with Jeff Galbraith as the thirteenth day of January as the time when he boarded a freight train at Tulare shortly after 5:30 P. M. and proceeded to the town of Pixley, where he traded a waybill for a ticket, and that, pursuant to his employment by a man by the name of Smith, he boarded a cattle train at Pixley and took charge of the cattle in the course of their transportation to Los Angeles. He also testified that on the said thirteenth day of January he and Jeff Galbraith had breakfast in the City Restaurant in Tulare and were waited upon by a girl, who was expressly named by him. This whole story proved to be false. The girl testified that she had not seen these men on January 13th and that she had not worked in the restaurant mentioned by the witness until some time in June following. As to the cattle train incident, it was shown without question that the freight train did not stop in Tulare on that day; that he could not have taken a freight train to Pixley on that evening; that he had not been employed by Smith to take charge of cattle or in any other capacity at that time; that no waybill had been given to him and no ticket had been issued for his transportation to Los Angeles, and that he had not had charge of a shipment of cattle to Los Angeles at that time. On cross-examination in his own defense in the present case the defendant admitted that his previous testimony relating to the ticket and cattle incident was untrue; he also made certain denials regarding his testimony in the former case which were shown to be untrue by the production of the record.

[1] The whole case on appeal is based upon the ground that the evidence was insufficient to corroborate the direct evidence of Ducker showing the falsity of the appellant's former testimony and that the instructions of the court were incorrect in regard thereto. This attack presents but one

question, and that is whether in a prosecution for perjury where the people depend upon the testimony of one witness and corroborating circumstances it is necessary that these corroborating circumstances must be proved by direct testimony specifically corroborating the testimony of the main witness. The purpose of the statute is to prevent an injustice to one individual by having him stand before a jury to answer the testimony of another charging him with falsification. In such a case the jury would be called upon to choose between the sworn testimony of the witness and the defendant. To prevent this, section 1103a of the Penal Code provides that perjury must be proved by the testimony of two witnesses or of one witness and corroborating circumstances. It is appellant's contention that because of this section it is necessary that the corroborating circumstances must directly prove the truth of the chief witness, but this is not the meaning of the section. "Corroborating circumstances" in the section relate to circumstances which tend to corroborate the facts which are offered in evidence to show the falsity of the statements of the defendant on trial. Thus in *People* v. *Casanova*, 54 Cal. App. 439, 442 [202 Pac. 45, 47], the appellate court said: "The statute respecting the *quantum* of evidence necessary in perjury cases will be satisfied if there be the testimony of one witness to facts that are absolutely incompatible with the innocence of the accused, corroborated by circumstances which, of themselves and independently of such directly inculpatory evidence, tend, with a reasonable degree of certitude, to show that the accused is guilty as charged."

We have made a very careful review of the entire record in this case and are satisfied therefrom that the appellant was given a fair and impartial trial and that he was convicted upon evidence which was sufficient within the terms of the statute.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1924.

All the Justices concurred.