[Crim. No. 1676. Second Appellate District, Division Two.—July 28, 1928.]

THE PEOPLE, Respondent, v. L. NIKOLICH, Appellant.

John R. Barta for Appellant.

U. S. Webb, Attorney-General, and James S. Howie and John D. Richer, Deputies Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant and appellant. L. Nikolich, together with the defendant George T. Vidich, was convicted of possessing a still, used and intended to be used in the manufacture and production of intoxicating liquors for beverage purposes. Nikolich prosecutes this

appeal from the judgment pronounced upon the verdict of the jury finding him guilty.

The sole ground relied upon by appellant for a reversal of the judgment is that the testimony, aside from that of his accomplice Vidich, is insufficient. Unquestionably the testimony of Vidich is sufficient to fasten the offense upon appellant and to sustain the verdict, provided only that the corroborating evidence tends to connect the defendant with the commission of the offense. The record discloses that about the twenty-first day of January, 1928, deputy sheriffs Paine and Haworth and a police officer of Huntington Park went to a small frame house set in the rear of the lot and about 100 feet from the street at No. 232 Hollenbeck Street in the city of Huntington Park. Upon gaining entrance they found a 50-gallon still and two 500-gallon vats filled with prune mash and about 35 gallons of whisky. The still was completely connected up for operating although not in fact running at the time it was found by the officers. The officers remained in the house for some time and put under arrest one Nick Rasich, who came there. Later in the day and at about 7:30 P. M. the defendant Vidich, in company with the appellant Nikolich, "came across from a lot over in front of this 232 Hollenbeck street. Upon arriving in front of the house they stopped. Then they went over towards the garage—a distance somewhere between 10 and 15 or 16 feet—from the house. They stood there for a minute or two and then defendant Vidich came up on the porch and unlocked the door and came inside." At this point Officer Paine endeavored to put them under arrest, stating that they were county officers, but the appellant Nikolich turned and ran and Vidich also. Vidich was caught within 60 to 80 feet after he started to run and after a scuffle with Haddon, the police officer, submitted to arrest. Nikolich was subsequently arrested in Los Angeles upon information as to his whereabouts, furnished by Vidich. At the Vernon police station Nick Rasich stated in the presence of the appellant that he had seen the appellant at the still several times, the last time being about four nights before the arrest, to which statements the appellant merely responded, "I won't talk until I see my attorney."

■ The law is well settled that the testimony of the accomplice need not be corroborated by direct evidence. ■ The entire conduct of the defendant may be looked to for the corroborating circumstances and if from those circumstances the connection of the accused with the crime may fairly be inferred, the corroboration is sufficient. (*People* v. *Yeager*, 194 Cal. 452 [229 Pac. 40]; *People* v. *Martin*, 102 Cal. 558 [36 Pac. 952]; *People* v. *Demera*, 64 Cal. App. 121 [220 Pac. 673].) ■ Under this statement of the law, while the corroborating circumstances in this case may be considered meager, yet they must be held sufficient.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.