[Crim. No. 1789. Second Appellate District, Division Two.—July 1, 1929.]

THE PEOPLE, Respondent, v. ANTONIO MAZZOLA, Appellant.

W. T. Kendrick, Jr., for Appellant.

U. S. Webb, Attorney-General, and James W. Howie, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant, together with Rafael Cervantes and Orville H. Kilbourne, was charged by information filed by the district attorney of San Bernardino County with the offenses of possession of a still and operating a still, the first count alleging the possession and the second the operation. Cervantes and Kilbourne plead guilty. The jury found the defendant guilty of both counts and he appeals from the judgment and order denying his motion for a new trial.

The grounds set up by appellant as reasons for a reversal are four, as follows: (1) "The appellant was tried for two crimes based upon one transaction, which, under the law, constitute one crime only"; (2) "Two judgments in the case are pronounced against appellant for one crime"; (3) There is no testimony other than that of accomplices connecting or tending to connect appellant with the offenses; (4) The court erred in giving certain instructions.

■ It is to be noticed that the first two points raised by appellant are substantially the same and both will be determined by finding an answer to the question: Was the only act of possession of the still necessarily involved in that of operating the still? If the possession of which the appellant was found guilty was necessary and incidental only to that of operating the still then he was guilty of but one offense and it cannot be carved into pieces whereby to inflict double punishment. (*Schroeder* v. *United States*, 7 Fed. (2d) 60, and cases there cited.) ■ If, however, there was possession for a substantial period of time which was not necessarily incident to the operation of the proscribed utensils the appellant could be found guilty of both offenses. (*In re Chaus*, 92 Cal. App. 384 [268 Pac. 422], and cases there cited.) Aside from the force of precedent, however, it is obvious that a person might have a still in his possession for an appreciable period of time without

attempting to or without any idea of operating the same, and then determine to and actually put it into use. Under such circumstances no doubt could exist concerning the commission of both offenses. The testimony in the instant cause was sufficient to authorize the conclusion that appellant had had possession of the still for some time prior to the time it was set up and put to work where it was found by the officers. We are compelled, therefore, not to agree with appellant that he was guilty of only one offense.

The testimony of the accomplices establishes beyond question the guilt of the appellant. It remains, however, to inquire whether there is independent evidence tending to connect him with the offenses. On the day of the arrest of Cervantes and Kilbourne, i. e., on December 2, 1928, and while the officers were still at the place where the still was found two men approached the house. Mrs. Cervantes called to the officers, whereupon the men ran. They were not found, but a Studebaker automobile was found on the north side of the premises, of which the police took possession. They discovered that it belonged to a Mr. Walker of Lomita. Walker testified that he was visiting the appellant on this same day; that about 4 o'clock the appellant told the witness that he was taking his (Walker's) automobile for about twenty minutes; that appellant did not return; and the next time the witness saw his machine was when it was turned over to him by the police. There was also introduced in evidence a note in the handwriting of the appellant, which he had given to one Ray Fowler, the stepfather of Orville Kilbourne, with directions to the former to deliver it to the latter, reading as follows: "You bought the barrels from my wife, you had not been working for me for 10 days. You never saw me on the place at all. I had nothing to do with it at all. You say that the Mexican had nothing to do with the place either, all he was doing there was living there and was to start to work for the owner of the ranch planting trees. You plead guilty and claim ownership of everything and stick to it. I have it all fixed to get you out on parole. And don't let nobody tell you different. Stick to this story and we will all get out O. K. After you have read this about four times destroy it! We all have the same story." Mrs. Cervantes, the wife of appellant's codefendant, also testified to the possession of the still prior

to the time it was set up and put into operation at Upland; that she was present when it was set up at the place where it was found; and that the first day there it was operated by the appellant and Kilbourne; that on the day of the arrest appellant did not appear until between 4 and 4:30 o'clock in the afternoon; that when she saw him coming through the trees she called to the officers; that when appellant saw the officers he turned and ran "toward the mountains." She also testified that appellant told her to say she did not know "anything about it" and that he would supply her with provisions. It cannot be seriously contended that there is not evidence tending to connect the appellant with the commission of the offenses, separate and apart from that of his accomplices. Our attention has not been called to any testimony indicating that Mrs. Cervantes was an accomplice. But aside from her testimony we have the evidence of the presence of appellant at and flight from the scene of the operations, by the circumstances attending the finding of the Studebaker automobile, and also the self-incriminating note which he attempted to deliver to one of his co-defendants. ■ The books abound with declarations that the corroborating evidence required by section 1111 of the Penal Code need not establish the actual commission of the offense; that it is sufficient if, from the corroborating testimony and circumstances, the connection of the accused with the crime may fairly be inferred. (See *People* v. *Yeager,* 194 Cal. 452 [229 Pac. 40]; *People* v. *Nikolich,* 93 Cal. App. 356 [269 Pac. 721].)

■ The error of which appellant complains in the instructions is found in those which deal with the duty of the jury to convict as a principal one who, though he has not directly committed the act, has aided *and* abetted in its commission, or, not being present, has advised and encouraged its commission. Unfortunately, and erroneously (see *People* v. *Dole,* 122 Cal. 486 [68 Am. St. Rep. 50, 55 Pac. 581]), the court, while giving three instructions, used the disjunctive "or" between the words "aid" and "abet" on two occasions. In the same instructions, however, and on three occasions, he properly used the conjunction "and." In addition thereto, in each instance in which the word "or" was used it immediately followed a statement that it was not essential that the defendant actually operate or

physically possess the still, but it was sufficient if he was concerned with some other person in possessing or operating. Also the court employed the language of section 31 of the Penal Code defining what is meant by persons who are "concerned in the commission of crime" as being not only those who directly commit the act but also those who "aid and abet in its commission, or, not being present, have advised and encouraged its commission." Taking the context of the instructions as a whole into consideration, as well as the circumstances of the instant cause, we are bound to conclude, as did the Supreme Court in *People* v. *Dole, supra,* and in *People* v. *Arnold,* 199 Cal. 471 [250 Pac. 168], that the error was not prejudicial.

Judgment and order affirmed.

Craig, J., concurred.

Works, P. J., being absent, did not participate in this opinion.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1929.

All the Justices present concurred.