[Crim. No. 1840. First Appellate District, Division One.—September 24, 1935.]

THE PEOPLE, Respondent, v. LOUISE TODD, Appellant.

George R. Anderson for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The grand jury of the city and county of San Francisco indicted the appellant, Louise Todd, for the crime of perjury. The indictment contained four counts, and each count charged a separate offense. Subsequently one of the counts was dismissed, and upon trial a jury found her guilty on the remaining three. The present appeal was taken from the judgments of conviction and the order denying the motion for new trial. One of the grounds urged for reversal is that the guilt of appellant was not established by the testimony of two witnesses or the testimony of one witness and corroborating circumstances. (Pen. Code, sec. 1103a; Code Civ. Proc., sec. 1968.) We find no merit in the point.

The alleged perjury consisted in taking false oath to affidavits attached to three petitions circulated by appellant in behalf of an organization known as the Communist Party, to enable said organization to participate in the state primary election held throughout the state on August 28, 1934. The affidavits were sworn to by appellant before a deputy registrar of voters of said city and county, and the petitions were eventually forwarded to and filed with the Secretary of State pursuant to the state election laws. The oaths embodied in said affidavits and so sworn to by appellant were in the form prescribed by law, identical in their wording, and the material statements set forth therein were as follows: " . . . I am the person who solicited the signatures to the attached and foregoing petition; all the signatures to the attached section were

made in my presence and upon the date shown after each signature and were solicited by me within the above named County (or City and County) of San Francisco . . . '' Attached to one of the petitions was the signature of Rozellah Moll; another was signed by Wilhelm Noack; and a third bore the signature of Walter Rossi; and appended to each signature was the residential address of the voter and certain numerals indicating the date of signing; and all of said persons were produced as witnesses at the trial and testified positively, in contradiction of the statements made under oath by appellant, that their signatures had not been solicited by her, that they had not signed the petitions in her presence, and that so far as they knew they had never seen her prior to the day on which they testified in court. In so testifying Rozellah Moll stated that her signature was solicited by a young man at the Civic Center, that the petition was presented to her by him, and she signed in his presence. Noack testified that his signature was solicited by two men on Powell Street, in the North Beach district, that they handed him the petition and he signed in their presence; and Walter Rossi declared that his signature was solicited and the petition was presented to him by, and he signed in the presence of a man with whom he had a passing acquaintance, who falsely represented to him at the time that the petition related to the Hetch Hetchy water system and to some street improvements out in the Mission district. Rossi further testified that in signing said petition he abbreviated his given name thus ''Wal'', and that the letters ''ter'' had been subsequently added by someone without his knowledge; also that the word ''Fillmore'' designating his street address had been subsequently inserted by some other person. Appellant was the sole witness in her own behalf and as such made no attempt whatever to deny the falsity of the statements so made by her under oath, nor otherwise to refute the truth of the testimony given by the three witnesses above mentioned. Moreover, so far as the record shows, it was nowhere claimed throughout the trial, nor is it contended on this appeal, that said statements are true. The substance of appellant's testimony was, as will hereinafter more particularly appear, that the false swearing on her part was the result of a mistake due to confusion in handling the petitions at the Communist headquarters in San Francisco.

As will be noted from the code definition of perjury (Pen. Code, sec. 118), the controlling question to be determined by the jury in such cases is whether the oath is in fact false; and the rule requiring corroboration dates back to the common law, the reason for the rule being that under the common law an accused was not permitted to testify in his own behalf. (1 Greenleaf on Evidence, sec. 257; *State* v. *Miller*, 24 W. Va. 802.) The modern statutes exacting the same degree of proof are but the enactment of the common-law rule, and are based largely upon the principle that it would be unsafe to find one individual guilty of the crime of swearing falsely solely upon the oath of another, and that consequently, in order to counterbalance the oath of the accused and the presumption of his innocence, there should be something more than the testimony of one witness. (*People* v. *Galbraith*, 66 Cal. App. 761 [226 Pac. 983]; *Commonwealth* v. *Davis*, 92 Ky. 460 [18 S. W. 10].) However, corroborative evidence, which is defined by the code to be additional evidence of a different character, to the same point (Code Civ. Proc., sec. 1839) may be circumstantial as well as direct (*People* v. *Blumkall*, 31 Cal. App. 778 [161 Pac. 997]), and it is held that where, as here, the accused avails himself of the right to testify in his own behalf, the requisite corroboration may be supplied by his own testimony (*People* v. *Watson*, 21 Cal. App. 692 [132 Pac. 836]), or be gathered from his conduct and attitude while so testifying as a witness (*State* v. *Miller, supra*). As said by the court in the case last cited, the manner in which the accused testifies and the unreasonableness of his story may serve as the strongest kind of corroborative evidence. In other words, as pointed out by the decisions of this state, the law governing the character of corroborative circumstances in a case of perjury is the same as that governing the character of corroborative circumstances in a case where the guilt of an accused is sought to be established by the testimony of an accomplice (*People* v. *Follette*, 74 Cal. App. 178 [240 Pac. 502]; *People* v. *Woodcock*, 52 Cal. App. 412 [199 Pac. 565]), and that being so, the corroborative evidence need not be strong, nor even be sufficient in itself without the aid of other evidence to establish the fact (*People* v. *Tinnin*, 136 Cal. App. 301 [28 Pac. (2d) 951]; *People* v. *Martin*, 19 Cal. App. 295 [125 Pac. 919]; *People* v. *Davis*, 210

Cal. 540 [293 Pac. 32]). The circumstances legally sufficient to sustain a conviction may consist of the extrajudicial statements, declarations, admissions or confessions of the accused (*People* v. *Albert,* 91 Cal. App. 774 [267 Pac. 587]; 8 Cal. Jur. 180); his silence in the face of accusatory statements (*People* v. *Tinnin, supra; People* v. *Taylor,* 70 Cal. App. 239 [232 Pac. 998]; or, as stated, where he voluntarily becomes a witness in his own behalf, it may be gathered from his own testimony (*People* v. *Watson, supra*) or his conduct and attitude as a witness (*State* v. *Miller, supra*). In fact, as declared in *People* v. *Nikolich,* 93 Cal. App. 356 [269 Pac. 721], and again in *People* v. *Tinnin, supra,* the entire conduct of the accused may be looked to for corroborative circumstances.

■ It follows, therefore, that inasmuch as appellant availed herself of the right to become a witness in her own behalf, and as such made no pretense whatever to deny the falsity of the statements she admittedly swore to, nor even indirectly to contradict the testimony given by the prosecution's witnesses, nor otherwise to substantiate the truth of said statements, but on the contrary claimed that they were made by mistake and attempted to exculpate herself from criminal responsibility therefor upon that ground, it was within the province of the jury, under the law of the cases above cited, to interpret such conduct and attitude, and the testimony she gave, as corroborative proof of the falsity of the statements in question.

■ Furthermore, evidence showing a consciousness of guilt, such as flight, may serve as a requisite corroborative circumstance (*People* v. *Armstrong,* 114 Cal. 570 [46 Pac. 611]; *People* v. *Ciani,* 104 Cal. App. 596 [286 Pac. 459]; *People* v. *Mazzola,* 99 Cal. App. 682 [279 Pac. 211]); and evidence was adduced in the present case on the part of the prosecution from which the jury was justified in drawing the inference that immediately following the indictment of appellant, and knowing she had been indicted, she disappeared from her residence and usual whereabouts in San Francisco, in order to avoid arrest, and about a week later fled to Los Angeles, in which city she was arrested approximately three weeks later.

■ It is also well settled that motive and design to commit a crime, if proved, may be considered a guilty circum-

stance (8 Cal. Jur. 35); and consequently may serve legally as corroborative evidence; and in this behalf it has been repeatedly held that where, as here, it is claimed that several offenses have been committed as part of one scheme or plan, all of the same general character, tending to the same common end, evidence thereof may be received to show the process or motive and design to commit the particular offense with which the accused is charged, and as tending to show logically that the particular offense for which he is being tried was part of such common scheme. (*People* v. *Cosby*, 137 Cal. App. 332 [31 Pac. (2d) 218]; *People* v. *Robinson*, 107 Cal. App. 211 [290 Pac. 470]; 8 Cal. Jur. 69; *People* v. *Francisco*, 112 Cal. App. 442 [297 Pac. 34]; *People* v. *Barnes*, 111 Cal. App. 605 [295 Pac. 1045]; Wigmore on Evidence, sec. 357; Wharton's Criminal Evidence, 10th ed., p. 73.) From the foregoing it is apparent that entirely aside from whatever inference the jury may have drawn from appellant's own testimony and her conduct and attitude as a witness, the evidence as to flight and that relating to the commission of three like offenses of the same general character and tending to the same common end furnished two additional independent elements of corroborative proof which of themselves were and are legally sufficient to satisfy the requirement of said Penal Code section 1103a.

Appellant further contends that the evidence is insufficient to prove that she knowingly swore falsely to said affidavits. This contention is based entirely on her own testimony. In this regard she testified that after she obtained the signatures to the petitions she had been given to circulate she took them to the Communist headquarters in San Francisco to have the precinct numbers checked and inserted; that upon entering the room she laid the petitions on a table and said to the committee in charge, "These are mine"; that there were a number of other petitions left there also under similar circumstances by other solicitors; and that when she returned to get those she had circulated she picked up the petitions in question here from the table, at the place where she had previously placed the others, asked the committee if they were her petitions, and being informed that they were, she took them to the registrar's office and subscribed and swore to the oath attached thereto.

The question of whether the false swearing is the result of an honest mistake or has been committed wilfully, knowingly and corruptly is one of fact for the jury to decide (48 Cor. Jur. 907), and evidently the jury in the present case, as shown by its verdict, did not believe the story told by appellant. Therefore, since the jury is the sole judge of the credibility of the witnesses and the facts of the case, it is beyond the power of the reviewing court to interfere with the conclusions it has reached on this issue.

Nor do we find any merit in the point that the false subject-matter of the oaths "was not material to the issue". Penal Code section 118 defining perjury declares that "Every person who, having taken an oath that he will . . . declare, depose, or certify truly before any competent . . . officer, or person, in any of the cases in which such oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury." Section 1, paragraph 9, subdivision c, of the State Primary Law (Stats. 1913, p. 1379, as amended) provides that petitions to qualify a political party on a ballot shall be circulated, signed and verified substantially as provided by the Constitution and the Political Code for initiative petitions; and article IV, section 1, of the Constitution provides that petitions for initiative measures shall have attached thereto the affidavit of the person soliciting signatures to the same, stating, among other things, that all signatures attached were made in his presence, etc. The deputy registrar before whom appellant swore to the petitions was an officer authorized to administer oaths; and it is quite obvious, therefore, that the false statements made in appellant's affidavits were material, because necessarily the absence of said statement from the oaths would have brought about the rejection of the petitions by the officers with whom they were by law required to be received and filed.

Appellant next urges that the prosecution should have been founded on section 64b (5) of the Penal Code, the provisions of which declare that "It shall be unlawful for any person to make any false affidavit concerning any petition mentioned in this section or the signatures appended thereto." As above shown, however, the facts of the present case brought it clearly within the provisions of the statute defining perjury; and therefore it is no defense that the prosecution might

have proceeded under another statute. (*People* v. *Moulton*, 116 Cal. App. 552 [2 Pac. (2d) 1009] ; *People* v. *Collins*, 195 Cal. 325 [233 Pac. 97].)

■ The final point made by appellant in her opening brief is that the court erred in refusing to give an instruction proposed by appellant to the effect that if the jury found that appellant believed in good faith that the petitions she filed were the ones she circulated, she should be acquitted. Conceding that the instruction might well have been given, its refusal was not prejudicial because the substance thereof was given in other instructions.

■ In her closing brief appellant seeks to raise an additional point not before presented; and not having been presented before she is not entitled as a matter of right to have it considered at all. (*People* v. *Woods*, 59 Cal. App. 740 [212 Pac. 41].) ■ However, we have examined the record in connection therewith and find nothing which might call for reversal. The point relates to certain questions propounded to appellant on cross-examination; but the answers given thereto were all favorable to her; and consequently even though it be deemed that the objections to the questions were improperly overruled, the rulings did not operate to appellant's prejudice. (8 Cal. Jur. 618.)

The judgments and order appealed from are affirmed.

Tyler, P. J., and Ward, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1935.