[Crim. No. 411. Fourth Appellate District.—February 18, 1937.]

THE PEOPLE, Respondent, v. HENRY EDWARD BEVANS, Appellant.

Herman Allen and Claude L. Chambers for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was charged with violation of the provisions of section 288 of the Penal Code and also with violation of the provisions of the Juvenile Court Law. The other person involved was a girl of the age of eight years. He was convicted and sentences were pronounced upon him on both counts. He has appealed from the judgments and the order denying his motion for new trial.

Defendant presents but a single ground for a reversal of the judgments and order. He was sentenced on the same day during the same hearing. The judgment on the verdict finding him guilty of violating the provisions of the Juvenile Court Law immediately preceded the pronouncement of judgment on his conviction of violating the provisions of section 288 of the Penal Code. ■ He contends that but one act was charged and proved; that the offenses were identical; that the judgment first pronounced was a bar to the second judgment. This argument tacitly admits the legality of the judgment under the count of the information charging violation of the provisions of the Juvenile Court Law.

Section 288 of the Penal Code provides for the punishment of certain described acts committed on the body of a child under the age of fourteen years. The Juvenile Court Law provides for the punishment of acts which contribute to the delinquency of persons under the age of twenty-one years. The acts punishable under the Juvenile Court Law include many not included within the provisions of section 288 of the Penal Code. The two statutes do not attempt to define identical offenses.

The contention of defendant has been decided adversely to him in the case of *People* v. *Coltrin*, 5 Cal. (2d) 649 [55 Pac. (2d) 1161]. In that case the defendant was convicted

of abortion, and murder in the second degree, the death following the abortion. It was there said:

"The final contention is that in pronouncing sentence upon both counts the court violated section 13 of Article I of the Constitution and section 654 of the Penal Code relative to placing a person twice in jeopardy and imposing two punishments for one act. In this connection it is also argued that since judgment was first pronounced upon the abortion charge the court was without power to pronounce any judgment on the murder charge. Irrespective of the merits of the first of these contentions we think the order in which the verdicts were read, and in which the judgments were pronounced, is not material (*People* v. *Degnen,* 70 Cal. App. 567 [234 Pac. 129]), and that, in any event, the sentence on the more serious charge may be sustained under the authorities which will be hereafter cited. . . .

"The constitutional provision referred to relates to a second jeopardy for the same offense. Section 654 of the Penal *Code does not apply to statutes which do make an act or omission punishable in different ways but which name different acts and different offenses, and punish each act separately.* (*People* v. *Mehra,* 73 Cal. App. 162 [238 Pac. 802].) If the act involved in one charge is necessarily involved in the other and is merely incidental to that charge but one offense is committed and it cannot be carved into two offenses in order to inflict a double punishment. (*People* v. *Mazzola,* 99 Cal. App. 682 [279 Pac. 211].) But where the two offenses are entirely separate and distinct and the one is not necessarily included in the other, a prosecution for the one is no bar to a prosecution for the other even though the same testimony may be applicable to both. (*In re O'Connor,* 80 Cal. App. 647 [252 Pac. 730].) . . . In *People* v. *Kerrick,* 144 Cal. 46 [77 Pac. 711], the court said: 'To be "necessarily included" in the offense charged, the lesser offense must not only be part of the greater in fact, but it must be embraced within the legal definition of the greater as a part thereof. "To entitle a defendant to the plea of *autrefois convict* or *acquit,* it is necessary that the offense charged be the same in law and fact". (*People* v. *Helbing,* 61 Cal. 620.)' "

The offense charged in the count alleging violation of the Juvenile Court Law is not the same in law and not necessarily in fact with that charged in the count alleging violation of

section 288 of the Penal Code. One act of defendant was proved which would not come under the provisions of section 288 of the Penal Code as it was not "upon or with the body, or any part or member thereof" of the little girl. That act would clearly come within those denounced by the Juvenile Court Law. Therefore, the offenses charged, while identical in time, were not the same either in law or in fact. The conviction of the one would not be a bar to the conviction of the other.

The judgments and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.