Filed 5/31/13  P. v. Delegge CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LOUIS DELEGGE, <br><br> Defendant and Appellant. | D061383 <br><br><br> (Super. Ct. No. SCN288974) |

APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Michael A. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.


Following a bench trial, the court found Louis Delegge guilty of perjury under oath and providing false information to a police officer.  On appeal, Delegge contends (1) there

was insufficient evidence to support the perjury conviction because his false testimony was not material to an issue before the court, (2) the testimony supporting his perjury conviction was not properly corroborated, and (3) his counsel provided ineffective assistance by failing to object to testimony concerning the absence of a business record. We reject Delegge's contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We limit our recitation to those facts that are pertinent to resolution of Delegge's claims on appeal.

In April 2010, Delegge testified under oath at a hearing on his request for a restraining order against Brad Freeman. At that hearing, Delegge stated he was a Lieutenant Colonel in the United States Marine Corps. On cross-examination, he testified he was a "contract Marine" with a "war contract." At the conclusion of the hearing, the court granted Delegge's request for a restraining order against Freeman. Delegge's testimony at the restraining order hearing was the basis for the perjury charge against him in this case.

At trial in the instant case, Lieutenant Commander John Marinez of the California Highway Patrol testified he pulled Delegge's son over for a traffic stop. While Marinez was issuing a citation, Delegge arrived on his motorcycle. Marinez noted that Delegge's motorcycle had a Montana license plate. When Marinez inquired as to why the motorcycle was registered in Montana, Delegge stated he was in the military but on leave at that time. Marinez informed Delegge that he was going to look into the information Delegge provided. Marinez decided to investigate Delegge's military claims instead of issuing a citation for

2

failing to register the motorcycle in California because military members are exempt from certain registration requirements.

Subsequently, Marinez contacted the California Highway Patrol's Background Investigations Unit to determine Delegge's military status. Marinez explained that he asked for the Background Investigations Unit's assistance because they have an ongoing relationship with the military. He was unable to obtain any records indicating Delegge was in the military. Through a background check, Marinez learned Delegge was a Carlsbad resident, did not have a valid California driver's license, and at times used two different dates of birth. The motorcycle was registered to Jason Voss in Montana and had never been registered under Delegge's name.

In addition to Marinez's testimony, the People presented testimony from Wesley Clarke, an active duty Marine assigned to the Naval Criminal Investigative Service. Clarke testified it was part of his duties to search various databanks to determine whether a person is in the military. He performed a search on Delegge but did not find any records of Delegge ever having served in any branch of the military. Clarke also explained that although the military utilizes civilian contractors, the designation of "Lieutenant Colonel" is reserved for officers and does not apply to contractors.

## DISCUSSION

### I. *Sufficiency of the Evidence*

A. Standard of Review

Where a defendant challenges the sufficiency of the evidence supporting a conviction, we review the entire record in the light most favorable to the judgment to

3

determine whether it contains substantial evidence from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. (*People v. Jennings* (1991) 53 Cal.3d 334, 364.) Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Bolin* (1998) 18 Cal.4th 297, 331; *People v. Marshall* (1997) 15 Cal.4th 1, 34.) Unless it is clearly shown that "on no hypothesis whatever is there sufficient substantial evidence to support the verdict," we will not reverse. (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.)

B. Materiality

Delegge argues there was insufficient evidence to support his perjury conviction because his testimony regarding his occupation at the restraining order hearing was not material to an issue before the court. We disagree.

"The elements of perjury are: '"a willful statement, under oath, of any material matter which the witness knows to be false."'" (*People v. Garcia* (2006) 39 Cal.4th 1070, 1091.) A false statement is "material" if it could probably have influenced the outcome of the proceeding. (*People v. Rubio* (2004) 121 Cal.App.4th 927, 932–933.) "False testimony that affects the credibility of a witness is material and will support a perjury conviction." (*Id.* at p. 935; *People v. Macken* (1939) 32 Cal.App.2d 31, 39 ["[T]estimony which merely affects the credibility of a witness is material, for the reason that such evidence usually tends to strengthen the case of a party to an action or to weaken the defense of his adversary."].)

In the circumstances of this case, we conclude Delegge's false statement that he was a Lieutenant Colonel in the Marine Corps was material because it impacted his credibility. The evidence at the restraining order hearing included testimony from Delegge, Delegge's

4

friend who witnessed the incident giving rise to the restraining order, and Freeman. Thus, the trial court was required to make a determination as to whose version of the events was credible. Delegge bolstered his credibility by misrepresenting his occupation. This is not a situation where Delegge's alleged occupation was meaningless. Rather, Delegge represented that he was a Lieutenant Colonel in the Marine Corps, a high ranking and revered position. It is reasonable to infer that the purpose of the testimony was to enhance Delegge's credibility. Further, in this type of proceeding where the evidence consists mostly of contradicting testimony from the person seeking the restraining order and the alleged aggressor, credibility is crucial to the trial court's determination. Accordingly, Delegge's false testimony could probably have influenced the outcome of the proceeding.

C. Corroboration

Delegge argues there was insufficient evidence to support his perjury conviction because Clarke's testimony was not corroborated. We disagree.

"No person shall be convicted of perjury where proof of falsity rests solely upon contradiction by testimony of a single person other than the defendant. Proof of falsity may be established by direct or indirect evidence." (Pen. Code, § 118, subd. (b).) "[T]he law governing the character of corroborative circumstances in a case of perjury is the same as that governing the character of corroborative circumstances in a case where the guilt of an accused is sought to be established by the testimony of an accomplice [citations], and that being so, the corroborative evidence need not be strong, nor even be sufficient in itself without the aid of other evidence to establish the fact." (*People v. Todd* (1935) 9 Cal.App.2d 237, 241.)

5

Here, Clarke testified that he did not find any records of Delegge ever having served in any branch of the military. This testimony was corroborated by Marinez's testimony:

> "[Prosecutor:] All right. So you went back to your office and you did some investigation. Did you contact people at Camp Pendleton specifically the Marshal at Camp Pendleton?
>
> "[Marinez:] Actually, I contacted some of our background -- our Background Investigations Unit who has an ongoing [rapport] with the military and asked for their assistance so they contacted the military for me at this time.
>
> "[Prosecutor:] Were you able to obtain any type of records indicating that Mr. Delegge was in the military?
>
> "[Marinez:] No."

Delegge contends the evidence was insufficient because Marinez did not testify as to whether the military actually provided any assistance or what the Background Investigations Unit learned. We reject this argument. Although Marinez did not explicitly state the results of the Background Investigations Unit's inquiry, read as a whole, his testimony indicates the investigation resulted in no records of Delegge's military status. Thus, Marinez's testimony was sufficient to corroborate Clarke's testimony.

## II. *Alleged Ineffective Assistance of Counsel*

A. Additional Background

Delegge moved for a new trial on the basis that his counsel provided ineffective assistance by failing to object to Clarke's testimony that he searched various databanks and was unable to locate any record of Delegge having served in the military. Specifically, Delegge asserted the evidence did not satisfy the foundational requirements of Evidence

6

Code section 1272 (section 1272) for admitting evidence of the absence of an entry in business records.

At the hearing on the new trial motion, Delegge's trial counsel explained that he believed the requirements of section 1272 had been satisfied. Additionally, Delegge's trial counsel stated his failure to object was "unquestionably a tactical decision" because he tried not "to pollute the court with meaningless objections so that when [he did] make an objection it [stood] out and [got] the attention it deserve[d] from [the] judge."

In denying the motion, the trial court stated, "[R]egardless of whether [Delegge's trial counsel] objected or not, there would have been a likelihood that the court would have heard that testimony under [section] 1272. I'm convinced that, in all likelihood, I would have heard that testimony regardless of whether there was an objection that was rendered. I think that [the prosecutor] would have found some way to get that testimony before the court. But I'm also convinced that [Delegge's trial counsel], who's very experienced, made the tactical decision -- and while it may be easy to criticize that, looking back, I think that he felt that that was not necessarily an area that he should pursue an objection to."

B. Analysis

Delegge contends his counsel provided ineffective assistance by failing to object to Clarke's testimony concerning the absence of a business record. Specifically, he asserts his trial counsel should have objected to Clarke's testimony because it did not satisfy the foundational requirements of section 1272. We reject this argument.

"Evidence of the absence from the records of a business of a record of an asserted act, condition, or event is not made inadmissible by the hearsay rule when offered to prove

7

the nonoccurrence of the act or event, or the nonexistence of the condition, if: [¶] (a) It was the regular course of that business to make records of all such acts, conditions, or events at or near the time of the act, condition, or event and to preserve them; and [¶] (b) The sources of information and method and time of preparation of the records of that business were such that the absence of a record of an act, condition, or event is a trustworthy indication that the act or event did not occur or the condition did not exist." (Evid. Code, § 1272.)

An ineffective assistance of counsel claim has two prongs. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) First, the defendant "must show that counsel's representation fell below an objective standard of reasonableness." (*Id*. at p. 688.) "Second, the defendant must show that the deficient performance prejudiced the defense [and] deprive[d] the defendant of a fair trial . . . ." (*Id*. at p. 687.) To establish the first prong of deficient performance on direct appeal, the record must affirmatively disclose that counsel lacked a rational tactical basis for the challenged omission. (*People v. Majors* (1998) 18 Cal.4th 385, 403.)

Here, Delegge has not met his burden to establish ineffective assistance. The record indicates Delegge's trial counsel made a deliberate tactical decision not to object to Clarke's testimony because he believed the requirements of section 1272 were satisfied. Because "the decision whether to object . . . is highly tactical" (*People v. Catlin* (2001) 26 Cal.4th 81, 165), counsel's "failure to object will rarely establish ineffective assistance." (*People v. Hillhouse* (2002) 27 Cal.4th 469, 502.)

Even if trial counsel's decision was erroneous, however, Delegge has not shown prejudice. As the trial court noted, "[I]n all likelihood, [it] would have heard th[e] testimony

8

regardless of whether there was an objection that was rendered." Further, given the totality of the evidence, it is unlikely the court would have reached a different result. In addition to testifying regarding the absence of a record in multiple databanks regarding Delegge's military service, Clarke also offered testimony disputing Delegge's claim that he was a "Lieutenant Colonel" with a "war contract." Specifically, Clarke explained that although the military utilizes civilian contractors, the designation of "Lieutenant Colonel" is reserved for officers and does not apply to contractors. Based on this testimony along with other evidence presented in the case, it is not reasonably probable that the trial court would have rendered a different result absent Clarke's testimony based on his searches of various databanks. Accordingly, we reject Delegge's claim of ineffective assistance at trial.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

McDONALD, Acting P. J.

AARON, J.

9